# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3183

_____

Charles Lamont Lemon,
Sued as Charles L. Lemon,

      Appellant,

v.

United States of America,

      Appellee.

    Appeal from the United States
    District Court for the
    District of Minnesota.

      [PUBLISHED]

_____

Submitted: March 14, 2003
Filed: July 15, 2003

_____

Before HANSEN, Chief Judge,[1] JOHN R. GIBSON and LOKEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

We affirmed Charles Lemon's convictions and 20-year sentence for possession of cocaine base with intent to distribute and possession of ammunition by a felon in

_____

[1]The Honorable David R. Hansen stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2003. He has been succeeded by the Honorable James B. Loken.

U.S. v. Lemon, 239 F.3d 968 (8th Cir. 2001). Having received a certificate of appealability from the district court[2], Lemon now appeals the district court's denial of his application for postconviction relief pursuant to 28 U.S.C. § 2255 (2000). Lemon argues that the district court erred in finding that his trial and sentencing counsel provided effective assistance. We affirm the judgment of the district court.

In order to establish ineffective assistance of counsel, Lemon must establish that his "counsel's representation fell below an objective standard of reasonableness" and that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). During trial, Lemon's counsel stipulated that the controlled substance found in the apartment with Lemon was crack cocaine and that Lemon had been convicted of three previous felonies. Lemon's sentencing counsel did not challenge these stipulations. The statutory minimum sentence for possessing 50 or more grams of cocaine base with intent to distribute is 20 years for a defendant who, like Lemon, has a prior drug felony conviction. See 21 U.S.C. § 841(b)(1)(A) (1994). Under the Sentencing Guidelines, cocaine base is defined as "crack," and greater punishment applies to cocaine base than to cocaine. See U.S. Sentencing Guidelines Manual § 2D1.1(c) n.(D) (1998). Lemon now argues that because the laboratory reports indicated that the substance was merely "cocaine base," his counsel rendered ineffective assistance by failing to hold the government to its burden of proving that he specifically possessed crack. We agree with the district court that counsel's actions were not unreasonable and did not result in prejudice to Lemon.

Lemon's counsel made the decision to stipulate as part of a reasonable trial strategy in which counsel sought to disprove the element of possession rather than the drug type. The stipulation did not result in prejudice to Lemon because the laboratory

---

[2]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

report explicitly states that Lemon possessed "cocaine base," which is all that is necessary for the 240-month statutory minimum sentence that Lemon received pursuant to 21 U.S.C. § 841(b)(1)(A).

Citing the dissent in United States v. Stoneking, 60 F.3d 399, 409 n.15 (8th Cir. 1995) (en banc), cert. denied, 516 U.S. 1119 (1996), Lemon urges us to adopt the analysis utilized in United States v. Munos-Realpe, 21 F.3d 375, 377-78 (11th Cir. 1994) (concluding that cocaine base other than crack should be sentenced as cocaine for purposes of mandatory minimum statute). We reject Lemon's reliance on a dissenting opinion in the face of binding en banc Eighth Circuit precedent. The majority in Stoneking held that where a conflict exists between the sentencing guidelines and a statute regarding the identification and measurement of a controlled substance, the statute controls. See 60 F.3d at 402; see also United States v. Wilson, 103 F.3d 1402, 1407 (8th Cir. 1997) (finding that a chemist's testimony identifying the substance as cocaine base without referring to "crack" was sufficient to support the defendant's sentence under the statutory minimum for cocaine base and the Guideline for crack).

The prior decisions of this court control. Accordingly, we affirm the district court's judgment denying postconviction relief.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-