# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-4070

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Ricardo Martinez-Salinas, | * | Northern District of Iowa |
| | * | |
| Appellant. | * | [Unpublished] |

_____

Submitted: October 5, 2004
Filed: October 12, 2004

_____

Before WOLLMAN, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Ricardo Martinez-Salinas (Martinez) appeals from the final judgment entered in the District Court[1] for the Northern District of Iowa after he pleaded guilty to two counts of distributing drugs within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860(a). The district court sentenced appellant to concurrent terms of 78 months imprisonment. Counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing the district court plainly erred in assessing a firearm enhancement. In his pro se brief,

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

Martinez adopts the <u>Anders</u> argument, and adds that he received ineffective assistance during the plea negotiations and hearing. Martinez has also filed a Fed. R. App. P. 28(j) letter, arguing his sentence violates <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), because it was enhanced based on factual findings not made by a jury. For the reasons discussed below, we affirm the judgment of the district court.

The <u>Anders</u> argument is without merit. Martinez abandoned the issue when, at sentencing, he and his counsel withdrew his objection to the presentence report's (PSR's) recommendation for a firearm enhancement. See <u>United States v. Olano</u>, 507 U.S. 725, 732-34 (1993) (claim relinquished below need not be addressed on appeal); <u>United States v. Tulk</u>, 171 F.3d 596, 600 (8th Cir. 1999) (issue deliberately waived below is not reviewed, even for plain error). Further, Martinez's ineffective-assistance claim should be raised--if at all--in collateral proceedings, not on direct appeal. See <u>United States v. Hughes</u>, 330 F.3d 1068, 1069 (8th Cir. 2003).

Martinez's Rule 28(j) <u>Blakely</u> argument also fails. His plea agreement included stipulations as to drug quantity, protected location, and firearm possession. See <u>Blakely</u>, 124 S. Ct. at 2541 (nothing prevents defendant from waiving his rights under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000); when defendant pleads guilty, government is free to seek judicial sentence enhancements so long as defendant either stipulates to relevant facts or consents to judicial factfinding); <u>United States v. Lucca</u>, 377 F.3d 927, 934 (8th Cir. 2004) (holding that <u>Blakely</u> was not implicated where defendant was sentenced based solely upon facts admitted as part of his guilty plea). We have also carefully reviewed the record in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no nonfrivolous issues.

Thus, we grant counsel's motion to withdraw, and we affirm.

_____