# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3384

_____

Trent Allworth Parsons,

      Petitioner - Appellant,

v.

United States of America

      Respondent - Appellee.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Southern District of Iowa.
\*
\*
\*

_____

Submitted: September 28, 2007
Filed: October 2, 2007

_____

Before LOKEN, Chief Judge, WOLLMAN and RILEY, Circuit Judges.

_____

LOKEN, Chief Judge.

Trent Parsons pleaded guilty to methamphetamine manufacturing offenses. Before sentencing, Parsons signed an agreement providing that he "knowingly and expressly waives any and all rights to appeal [his] conviction and sentence in this case." The district court sentenced him to 210 months in prison. Parsons did not appeal but timely filed a motion for post-conviction relief under 28 U.S.C. § 2255, arguing that he is entitled to relief because of trial counsel's ineffective assistance in disregarding Parsons's request to appeal the sentence. The district court[1] denied the

_____

[1]The HONORABLE RONALD E. LONGSTAFF, United States District Judge for the Southern District of Iowa.

motion but granted a certificate of appealability on this issue. We review the court's factual findings for clear error and the ultimate issue of ineffective assistance *de novo*. See Yodprasit v. United States, 294 F.3d 966, 969 (8th Cir. 2002). We affirm.

In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court confirmed that the familiar two-part test applies to claims that counsel was constitutionally ineffective in failing to file a notice of appeal. Defendant must show "(1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant." Id. at 476-77, quoting Strickland v. Washington, 466 U.S. 668, 688 (1984). Because the post-conviction relief sought is a belated appeal, the prejudice inquiry is correspondingly limited. "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable[;] defendant is entitled to a new appeal without showing that his appeal would likely have had merit." Flores-Ortega, 528 U.S. at 477 (quotation omitted).

If the defendant did not clearly request or instruct his trial attorney to appeal, the Court in Flores-Ortega explained that the court considering a claim of ineffective assistance must then determine whether counsel consulted with the defendant about an appeal and, if not, whether the failure to consult was unreasonable. "[C]ounsel has a constitutionally imposed duty to consult . . . when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." 528 U.S. at 480. "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484.

Here, the district court properly held an evidentiary hearing on this issue. Parsons testified that, when the court pronounced his sentence, Parsons told his

-2-

attorney, "We've got to appeal this." When asked if counsel responded, Parsons testified, "I don't believe he did. [The prosecutor ] was on his way over to our bench to discuss some other issues, and [counsel] was getting ready to approach him and visit with him briefly." Parsons admitted that he did not raise the subject of an appeal again. Four members of Parsons's family who were sitting in the courtroom testified that they heard him say he wanted to appeal. Counsel testified that it is his practice to file an appeal when requested or instructed to do so, but he did not hear Parsons request an appeal. The district court found that Parsons made the request but also found that counsel did not hear it. Therefore, the court concluded, counsel was not guilty of ineffective assistance for failing to obey a client's request to file an appeal. Turning to the additional inquiry mandated by Flores-Ortega, the court concluded that counsel was not professionally unreasonable in failing to consult with Parsons about an appeal because counsel saw no rational basis for an appeal and because Parsons had waived his right to appeal in writing and therefore counsel had no reason to think that Parsons would want to file an appeal.

On appeal, Parsons argues that the district court's finding that he told counsel, "we've got to appeal this," without more, entitles him to post-conviction relief. He asserts that "[a] criminal defendant is not required to reaffirm his appeal demand and receive confirmation that his attorney understood his appeal demand." In this rather unusual situation, we conclude that this contention is inconsistent with the analysis mandated by the Supreme Court in Flores-Ortega.

The district court expressly found that counsel did not hear Parsons's request. Therefore, Parsons's attorney did not *disregard* his client's request or instruction to appeal. The ineffective assistance inquiry focuses on whether counsel provided constitutionally reasonable representation. Counsel cannot act on an instruction that is not received, either orally or in writing. Of course, depending on the circumstances, counsel's claim that he did not hear an oral request, or did not receive a written request, may not be credible. But if counsel's testimony that he did not hear an oral

request is believed, as in this case, then the ineffective assistance inquiry under <u>Flores-Ortega</u> proceeds to consider, as the district court did consider, whether counsel's failure to consult about an appeal constituted ineffective assistance "when the defendant has not clearly conveyed his wishes one way or the other." 528 U.S. at 477. On appeal, Parsons does not challenge as clearly erroneous the district court's finding that counsel did not hear the request to appeal.[2]

Because counsel did not hear the request to appeal, this is a case "where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken." <u>Flores-Ortega</u>, 528 U.S. at 478. Thus, the relevant inquiry is whether counsel's failure to consult about an appeal was ineffective assistance. The Supreme Court cautioned "that the better practice is for counsel routinely to consult with the defendant regarding the possibility of an appeal." <u>Id.</u> at 479. But the Court declined to adopt a bright-line rule, noting that factors such as those present in this case -- whether defendant pleaded guilty, received the sentence bargained for, and expressly waived some or all of his appeal rights -- are highly relevant in determining "whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal." <u>Id.</u> at 480.

Here, Parsons does not appeal the district court's conclusion that counsel's failure to consult was not ineffective assistance. Accordingly, the district court's order dated June 21, 2006, is affirmed.

_____

---

[2]Parsons faults the district court for inferring from Parsons's testimony that counsel did not hear the request because he was distracted by the prosecutor, suggesting that it is more reasonable to infer that counsel suffered from a hearing impairment. But the reason why counsel did not hear the request is irrelevant. In determining whether counsel provided ineffective assistance by *disregarding* a defendant's oral request to appeal, the relevant fact is that counsel did not hear the request. <u>Cf.</u> <u>Barger v. United States</u>, 204 F.3d 1180, 1182 (8th Cir. 2000).