# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3356

_____

United States of America,　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　*
　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　　v.　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　*　Northern District of Iowa.
Ricardo Martinez-Salinas,　　　*
　　　　　　　　　　　　　　　　*　　　　[PUBLISHED]
　　　　　　　Appellant.　　　　*

_____

Submitted: May 15, 2009
Filed: July 20, 2009

_____

Before RILEY, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Ricardo Martinez-Salinas appeals the district court's[1] denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Martinez-Salinas stipulated to the application of the U.S.S.G. § 2D1.1(b)(1) enhancement for possession of a firearm but argues that his Sixth Amendment right to effective assistance of counsel was violated by his trial counsel's failure to explain that the application of the enhancement required proof of a connection between the firearm and his offenses. We reject Martinez-Salinas's argument and affirm the judgment of the district court.

---

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

## I. *Background*

Martinez-Salinas was indicted on one count of distributing methamphetamine within 1000 feet of an elementary school and one count of distributing cocaine within 1000 feet of a playground, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860(a). The government presented Martinez-Salinas with a proposed plea agreement providing that Martinez-Salinas would plead guilty to the two counts charged and that the government would not file additional drug-related charges against him. The plea agreement stated that a .380 caliber pistol was found at Martinez-Salinas's residence and contained the stipulation that the two-level § 2D1.1(b)(1) enhancement should be applied for his "possession of a firearm during the commission of the offenses." Martinez-Salinas signed the plea agreement after his trial counsel had it translated into Spanish and reviewed it with him in detail.

Martinez-Salinas subsequently pleaded guilty to the charged offenses. At his plea hearing, Martinez-Salinas affirmed that he had read the plea agreement and had asked his trial counsel about the provisions that he did not understand. Martinez-Salinas and his trial counsel testified that they had spent approximately an hour and a half to two hours reviewing the agreement.

Thereafter, Martinez-Salinas wrote a letter to the district court in which he complained about his trial counsel's representation and argued that the court should not apply the § 2D1.1(b)(1) enhancement because he did not use the firearm found at his residence in connection with his offenses. Additionally, Martinez-Salinas's trial counsel objected to the inclusion of the § 2D1.1(b)(1) enhancement in the presentence investigation report (PSR) "without seeking to diminish the intent of the plea agreement."

At his sentencing hearing, Martinez-Salinas stated that he had reviewed the PSR with his trial counsel and an interpreter and that he understood its contents. Martinez-

Salinas requested that the district court adopt the plea agreement and proceed with sentencing, explaining that he did not "want to go to trial." Martinez-Salinas's trial counsel informed the court that he had discussed the § 2D1.1(b)(1) enhancement with Martinez-Salinas again that day and that Martinez-Salinas "indicated that he understood the nature of the law with respect to the use of a gun in connection with the charged offense." Applying the § 2D1.1(b)(1) enhancement, the court calculated Martinez-Salinas's Guidelines range as 78–97 months' imprisonment and sentenced him to concurrent 78-month terms on the two counts.

Martinez-Salinas appealed from the district court's judgment, arguing that the court committed plain error in applying the § 2D1.1(b)(1) enhancement and that he received ineffective assistance of counsel during the plea negotiations and at the plea hearing. We rejected Martinez-Salinas's § 2D1.1(b)(1) argument, concluding that he abandoned the issue by withdrawing his objection at sentencing. *United States v. Martinez-Salinas*, 110 Fed. Appx. 733, 733–34 (8th Cir. 2004) (unpublished per curiam). As to Martinez-Salinas's ineffective assistance of counsel claim, we stated that it "should be raised—if at all—in collateral proceedings, not on direct appeal." *Id.* at 734.

Martinez-Salinas then brought a pro se motion to vacate, set aside, or correct his sentence pursuant to § 2255, arguing that his trial counsel's failure to challenge the application of the § 2D1.1(b)(1) enhancement violated his Sixth Amendment right to effective assistance of counsel. Martinez-Salinas contends that effective counsel would have argued that the government failed to establish a nexus between the firearm and the criminal activity. In response, the government filed an affidavit in which Martinez-Salinas's trial counsel stated that he had explained to Martinez-Salinas prior to sentencing that if he "continued to maintain the objection to the [§ 2D1.1(b)(1)] enhancement, the United States Attorney's Office would consider that action to be a breach of the plea agreement." Martinez-Salinas's trial counsel stated that "Mr.

Martinez-Salinas indicated that he did not want to abrogate the intent of the plea agreement" because "he hoped to receive substantial assistance motions in the future."

At the § 2255 hearing, Martinez-Salinas's trial counsel testified as follows:

> I was aware at the very beginning of the case that there was an issue with the small caliber handgun . . . , but Mr. Martinez-Salinas very early on in the case indicated to me that he did not want a jury trial of this matter and basically gave me marching orders that I was to negotiate the best deal possible. And in my negotiations with the United States Attorney's Office, they were not willing to give up the gun enhancement in this particular case. However, we did receive some other concessions with regard to other charges that would not be filed. And also Mr. Martinez-Salinas was very concerned about whether or not he would be amenable to any possible substantial assistance motions. That is the reason that we did not contest very, very strenuously the firearm enhancement.

Martinez-Salinas's trial counsel also testified that he informed Martinez-Salinas that he "had spoken with the government on at least two, if not three[,] separate occasions with regard to the gun issue and the government would not back off [its] position." According to Martinez-Salinas's trial counsel, "Mr. Martinez-Salinas was fully aware of the nature and extent of the plea agreement[,] and I . . . think that I did the best that I could for him under the circumstances."

The district court denied Martinez-Salinas's § 2255 motion, concluding that the representation provided by Martinez-Salinas's trial counsel did not fall below an objective standard of reasonableness. The court noted that although it "may not have accepted the [§ 2D1.1(b)(1)] enhancement had there been no plea agreement," Martinez-Salinas's trial counsel "appeared to be carrying out the wishes of his client—that he not go to trial." The court explained that because the government

"refused to drop the gun enhancement, the plea agreement was apparently the only way to achieve [Martinez-Salinas's] goals."

## II. *Discussion*

Martinez-Salinas challenges the district court's denial of his § 2255 motion, arguing that his Sixth Amendment right to effective assistance of counsel was violated by his trial counsel's failure to explain that the application of the § 2D1.1(b)(1) enhancement required proof of a connection between the firearm and his narcotics offenses. Martinez-Salinas contends that he would not have entered into the plea agreement with the § 2D1.1(b)(1) stipulation had he been apprised of this requirement.

On appeal from a district court's denial of a § 2255 motion, "[w]e review the court's factual findings for clear error and the ultimate issue of ineffective assistance *de novo*." *Parsons v. United States*, 505 F.3d 797, 798 (8th Cir. 2007). "To succeed on a Sixth Amendment ineffective assistance of counsel claim, [a defendant] must demonstrate (1) trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) trial counsel's deficient performance prejudiced the defense." *Armstrong v. Kemna*, 534 F.3d 857, 863 (8th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687–94 (1984)). "Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Id.* (internal quotation marks omitted).

We have previously held that, in order for the § 2D1.1(b)(1) enhancement to be applied to a defendant in a drug case, "[t]he government must simply show that it is not clearly improbable that the weapon was connected to the drug offense." *United States v. Peroceski*, 520 F.3d 886, 889 (8th Cir. 2008). Of course, if a valid plea agreement on the drug charge includes the weapon enhancement, the government's proof of a weapon connection to the drug offense is obviated.

-5-

In *Lemon v. United States*, the defendant applied for postconviction relief pursuant to § 2255, arguing that his attorney had rendered ineffective assistance by stipulating that the controlled substance found in the defendant's apartment was crack cocaine when the laboratory reports indicated that the substance was merely cocaine base. 335 F.3d 1095, 1095–96 (8th Cir. 2003). We affirmed the district court's denial of the defendant's application, concluding that the defendant's attorney "made the decision to stipulate as part of a reasonable trial strategy in which [the attorney] sought to disprove the element of possession rather than the drug type." *Id.* at 1096

We agree with the district court that Martinez-Salinas's trial counsel "appeared to be carrying out the wishes of his client—that he not go to trial." Martinez-Salinas's trial counsel reviewed the plea agreement and the PSR with Martinez-Salinas, and Martinez-Salinas stipulated in the plea agreement that the § 2D1.1(b)(1) enhancement should be applied "for possession of a firearm *during the commission of the offenses*." (Emphasis added.) The government conditioned its plea offer on Martinez-Salinas's stipulation to the enhancement, and, consistent with Martinez-Salinas's desire to avoid a jury trial, his trial counsel objected to the inclusion of the enhancement in the PSR "without seeking to diminish the intent of the plea agreement." Additionally, at his sentencing hearing, Martinez-Salinas requested that the district court adopt the plea agreement and his trial counsel informed the court that Martinez-Salinas had "indicated that he understood the nature of the law with respect to the use of a gun in connection with the charged offense." Finally, as in *Lemon*, stipulating to the § 2D1.1(b)(1) enhancement was necessary to pursue Martinez-Salinas's strategy of pleading guilty and increasing his chances of receiving a substantial assistance departure.

On this record, given Martinez-Salinas's expressed goals and priorities, any failure on the part of Martinez-Salinas's trial counsel to explain to Martinez-Salinas the government's evidentiary burden on the § 2D1.1(b)(1) enhancement did not fall below an objective standard of reasonableness. Martinez-Salinas also cannot show

that, had he gone to trial, his preferred strategy of challenging the evidentiary basis for application of the § 2D1.1(b)(1) enhancement would have succeeded. Therefore, we hold that the district court did not err in denying Martinez-Salinas's § 2255 motion.

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____