# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1841

_____

Francisco Campos-Penaloza,     *
                                   *

         Appellant,            *
                                     *    Appeal from the United States

    v.                               *    District Court for the
                                     *    Northern District of Iowa.

United States of America,       *

                                     *    [UPUBLISHED]

         Appellee.            *

_____

Submitted: February 3, 2012
Filed: February 8, 2012

_____

Before WOLLMAN, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Francisco Campos-Penaloza (Penaloza) appeals the district court's[1] denial of his 28 U.S.C. § 2255 motion to vacate his sentence following his guilty plea to drug charges. The district court granted a certificate of appealability on whether Penaloza received ineffective assistance of counsel.

We find that the district court properly rejected Penaloza's claim. First, although Penaloza argued that he could have pleaded guilty to an offense involving

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

a lesser drug amount, the record indicates that the government was not willing to accept such a plea. See Hill v. Lockhart, 474 U.S. 52, 59 (1985) (in context of guilty plea, defendant must show "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial"); United States v. Regenos, 405 F.3d 691, 693 (8th Cir. 2005) (claim that counsel performed deficiently during plea negotiations failed because movant could not prove result of negotiations would have been different had counsel performed adequately).

Second, even if Penaloza had alleged that he would have gone to trial if counsel had advised him differently, it was reasonable for counsel to believe, based on the record, that a jury would have found him guilty of the drug amount to which he pleaded guilty, and thus her advice to plead guilty and obtain an acceptance-of-responsibility reduction was reasonable. See United States v. Foxx, 544 F.3d 943, 954 (8th Cir. 2008) (defendant is accountable for all reasonably foreseeable acts of co-conspirator taken in furtherance of conspiracy); cf. United States v. Martinez-Salinas, 573 F.3d 595, 599 (8th Cir. 2009) (per curiam) (rejecting ineffective-assistance claim where counsel stipulated to sentencing enhancement in order to pursue strategy of obtaining lower sentence through cooperation with government).

Finally, Penaloza testified at the plea hearing that he had reviewed the plea agreement with counsel; that he understood counsel when she spoke to him in Spanish; that he was part of a conspiracy that distributed more than 500 grams of methamphetamine; and that he was pleading guilty of his own free will, without threats or coercion. See United States v. Gray, 152 F.3d 816, 820 (8th Cir. 1998) (rejecting claim of involuntary plea where defendant acknowledged he was pleading guilty of his "own free will" and denied any threats or coercion); Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry strong presumption of verity). As the district court found, no new evidence came to light after Penaloza pleaded guilty, and there was no evidence that he ever requested to withdraw his plea. See United States v. Washington, 198 F.3d

721, 724 (8th Cir. 1999) (defendant must always make ultimate decision as to whether to plead guilty).

Accordingly, the judgment is affirmed.

_____