Enrique RODRIGUEZ, also known as
Rudy Rodriguez, also known as
Flaco, Appellant,

v.

UNITED STATES of America, Appellee.

No. 91–2531ND.

United States Court of Appeals,
Eighth Circuit.

Submitted March 11, 1992.

Decided May 21, 1992.

Enrique Rodriguez, pro se.

Stephen D. Easton and Scott J. Schneider, U.S. Attys., Bismarck, N.D., for appellee.

Before FAGG, LOKEN, and HANSEN, Circuit Judges.

PER CURIAM.

Enrique Rodriguez appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We affirm.

Under a written plea agreement, Rodriguez pleaded guilty to possession with intent to distribute three kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and money laundering in violation of 18 U.S.C. § 1956. In exchange for this plea, the Government dismissed other charges against Rodriguez, including a conspiracy charge. The plea agreement acknowledged the parties expected Rodriguez would be sentenced under the career offender provisions of U.S.S.G. § 4B1.1(B) and, after an adjustment for acceptance of responsibility, the applicable sentence range would be 210 to 262 months. The written agreement did not provide that the Government would make a motion for a reduction of Rodriguez's sentence under Federal Rule of Criminal Procedure 35(b) in exchange for his assistance. The Government, however, told Rodriguez's attorney it would make a Rule 35 motion if Rodriguez cooperated.

At the plea hearing on November 27, 1989, the court explained the maximum penalties and told Rodriguez the sentencing range, as calculated in the plea agree-

ment, was 210 to 262 months. The court also told Rodriguez it would consider his real offense conduct, including uncharged conduct, when sentencing him. Although Rodriguez assisted the Government after the hearing, the Government did not make a Rule 35 motion before Rodriguez's sentencing in March 1990. Thus, consistent with the plea agreement and the Sentencing Guidelines calculations in the presentence report (PSR), the district court sentenced Rodriguez to 216 months imprisonment. Rodriguez then filed this motion to correct his sentence under 28 U.S.C. § 2255. A month later, the Government filed a Rule 35 motion. The district court granted the Government's motion and reduced Rodriguez's sentence from 216 months to 162 months. The court then denied Rodriguez's section 2255 motion without conducting an evidentiary hearing.

On appeal, Rodriguez reasserts the arguments raised in his section 2255 motion. First, Rodriguez contends his counsel was ineffective in failing to obtain a written commitment from the Government to file the Rule 35 motion. Because the Government filed the Rule 35 motion, this contention is moot. Second, Rodriguez argues the Government breached the plea agreement by failing to file a Rule 35 motion. This argument is moot for the same reason.

■ Third, Rodriguez contends the district court improperly entered into the plea negotiations during the bench conference at the plea hearing. After the court asked Rodriguez to identify his drug source, counsel approached the bench and informed the court that although the plea agreement did not address cooperation, the parties anticipated Rodriguez would cooperate and the Government would make a Rule 35 motion. Without further questioning, the court concluded there was a factual basis for Rodriguez's plea. Because the district court merely explored the factual basis for Rodriguez's plea and did not enter plea negotiations, Rodriguez's contention is without merit.

■ Fourth, Rodriguez argues the district court violated Federal Rule of Criminal Procedure 11 by failing to advise him he would be held accountable for his coconspirator's crimes. This argument fails because Rodriguez was not held accountable for his coconspirator's acts. Rodriguez was the source for all drugs included in the PSR's computation of Rodriguez's offense level. Further, a sentencing range of 210 to 262 months applies to Rodriguez regardless of the conduct of his coconspirator. As the plea agreement explains, the career offender provisions mandate this sentencing range (after the two-level reduction in the offense level for acceptance of responsibility). *See* U.S.S.G. § 4B1.1(B) (Nov. 1, 1989) (mandating unadjusted offense level of at least 34 and criminal history category of VI for adult felony drug defendant with at least two past felony drug convictions); *id.* ch. 5, pt. A (sentencing table) (requiring sentencing range of 210 to 262 months for defendant with offense level of 32 and criminal history score of VI). The career offender provision applies to Rodriguez because he has two past felony drug sentences, each longer than one year and one month and imposed within fifteen years of his commencement of the current felony drug offense. *See id.* § 4A1.2(e)(1).

Fifth, Rodriguez asserts that in sentencing him, the district court improperly considered information derived from the plea negotiations and Rodriguez's later cooperation with the Government. Rodriguez, however, does not specify what information was obtained during a plea negotiation or through his cooperation and then used against him in sentencing. Thus, Rodriguez's assertion that the court improperly used information is conclusory and without foundation.

■ Finally, Rodriguez contends his counsel was ineffective in failing to file a timely appeal of his sentence as requested. We also reject this contention. Rodriguez's trial attorney submitted an affidavit specifically denying that Rodriguez asked him to file an appeal. This affidavit was corroborated by a letter the attorney sent to Rodriguez near the end of the appeal period, reminding Rodriguez his time to appeal was about to expire. Although this letter did not reach Rodriguez until after

the appeal period ended, the letter supports the attorney's contention that Rodriguez did not ask the attorney to appeal. Rodriguez's bare assertion that he asked his attorney to appeal is plainly inadequate in the face of this evidence that the district court expressly credited. *See Holloway v. United States*, 960 F.2d 1348, 1357–58 (8th Cir.1992).

Accordingly, we affirm.