# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2888

_____

Donna Barger,                    *
                                 *
          Appellant,             *
                                 *  Appeal from the United States
     v.                          *  District Court for the
                                 *  District of Nebraska.
United States of America,        *
                                 *
          Appellee.              *

_____

Submitted:  November 16, 1999

Filed:    March 3, 2000

_____

Before WOLLMAN, Chief Judge, LAY, and BOWMAN, Circuit Judges.

_____

WOLLMAN, Chief Judge.

Donna Barger appeals from the district court's[1] denial of her petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.  We affirm.

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, adopting the recommendation and report of the Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska.

## I.

Barger was sentenced to 120 months in prison and a five-year period of supervised release as a result of her plea of guilty to possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). She filed a section 2255 petition attacking her sentence, alleging that her attorney's failure to file a notice of appeal pursuant to her request violated her Sixth Amendment right to counsel.

The magistrate judge held an evidentiary hearing on Barger's petition, eliciting testimony from both Barger and the attorney who represented her at her plea and at sentencing. The attorney testified that during his post-sentencing conversation with her, Barger was initially reluctant to appeal because of the potential cost. He further testified that when he informed Barger that the court could appoint and pay him or another attorney to represent her on appeal, "she indicated essentially, 'Then why wouldn't we appeal, what have we got to lose?'" The attorney responded that they would need to have issues on which to appeal, so he would "look into the appellate issues" and they could then later make a decision. During the next couple of days, he testified, there was an unsuccessful attempt to discuss the appeal by telephone; he did not remember whether he or Barger initiated the contact. Counsel also recounted that he and Barger had a telephone conversation approximately twelve to fourteen days after her sentencing, during which he "advised her . . . more firmly that there were no issues" for appeal and that judges do not appreciate frivolous appeals. The attorney also testified that at the conclusion of the conversation Barger "understood that no appeal was going to be filed, and it was my understanding she had no objection to that at the time."

Barger, in contrast, testified that she told her attorney immediately after sentencing that she wanted to file an appeal and that he responded by stating that he would be "in touch." Barger testified that she next talked to her attorney approximately

two weeks after sentencing, after she had been transferred to a different jail. During that conversation Barger reiterated her desire for an appeal, to which counsel responded that he believed there were no grounds on which to appeal. Barger testified that she then stated that she "still wanted to file an appeal, regardless of what kind of issues--you know, whether he thought the issues were good or bad."

Following a de novo review of the magistrate judge's findings, the district court denied relief, adopting the magistrate judge's finding that Barger had failed to prove that she asked her attorney to file an appeal, together with the finding that the attorney's testimony at the hearing was more credible than Barger's.

## II.

An ineffective assistance of counsel claim presents a mixed question of law and fact. The ineffective assistance claim is reviewed de novo, while the district court's factual findings are reviewed for clear error. See Parkus v. Bowersox, 157 F.3d 1136, 1138-39 (8th Cir. 1998). We accord deference to the district court's credibility determinations. See Hadley v. Groose, 97 F.3d 1131, 1134 (8th Cir. 1996).

Although ineffective assistance of counsel claims generally require a petitioner to show both deficient performance by counsel and prejudice to the defense caused by that performance, see Strickland v. Washington, 466 U.S. 668, 687 (1984), an attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary. See Holloway v. United States, 960 F.2d 1348, 1356-57 (8th Cir. 1992).[2] The appropriate remedy is to remand

---

[2]In Roe v. Flores-Ortega, No. 98-1441, 2000 WL 201148 (U.S. Feb. 23, 2000), the Supreme Court explained that in those cases in which the attorney has consulted with the defendant about an appeal, counsel "performs in a professionally unreasonable

for re-sentencing, thus affording the petitioner an opportunity to take a timely direct appeal.  See id. at 1357; Estes v. United States, 883 F.2d 645, 649 (8th Cir. 1989).

For such a claim to succeed, however, Barger must show that she instructed her counsel to file an appeal.  See Holloway, 960 F.2d at 1357.  It is well established that, for an indigent defendant, the "right to be furnished counsel [for appeal] does not depend upon a request," but the desire to appeal must be manifest.  See, e.g., Maness v. Swenson, 385 F.2d 943, 945 (8th Cir. 1967) (quoting Swenson v. Bosler, 386 U.S. 258, 260 (1967)).  A bare assertion by the petitioner that she made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition.  See Rodriguez v. United States, 964 F.2d 840, 842 (8th Cir. 1992) (per curiam).

The magistrate judge credited the attorney's testimony and therefore found that Barger did not request an appeal.  Even under Barger's version of the events, the magistrate judge noted, the attorney said only that he would be "in touch" regarding the merits of a potential appeal, indicating that further discussion would ensue before Barger reached a decision.  Also, the magistrate judge discredited Barger's testimony because she made no effort to follow-up with her attorney before the time limit expired, an effort it found that "any reasonable person concerned with losing her appeal" would have made.

Barger contends that the attorney was less credible than she because he related more details of their conversations at the evidentiary hearing than he did at his pre-hearing interview. Credibility findings are for the trier of fact, however, and we cannot

manner only by failing to follow the defendant's express instructions with respect to an appeal."  In the case before us, of course, we have a finding that Barger had discussed various aspects of an appeal with her attorney but that she had not asked him to file one.

say that the district court's findings regarding counsel's credibility are clearly erroneous. Barger argues that her attorney's testimony that he "more firmly" advised her during their later phone conversation that there were no issues on which to appeal indicates that she had previously requested an appeal. Such a comment is ambiguous, however, for it could also indicate an ongoing discussion about the possibility of appeal. Accordingly, we cannot say that the district court clearly erred in finding that Barger did not ask her counsel to file a notice of appeal.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.