# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2561

_____

| | | |
|---|---|---|
| Monee Yodprasit, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| United States of America, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: May 16, 2002

Filed: July 9, 2002

_____

Before LOKEN, HEANEY and MURPHY, Circuit Judges.

_____

HEANEY, Circuit Judge.

Monee Yodprasit appeals from the district court's[1] denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. He argues that the district court

_____

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

erred when it determined that he failed to instruct his attorney to file a direct appeal.[2] We affirm.

## I.    BACKGROUND

Yodprasit was convicted of drug trafficking offenses and was sentenced to 240 months in prison on April 19, 1999.  Nearly a year later, Yodprasit filed a notice of appeal, which this court dismissed as untimely.  Yodprasit then sought post-conviction relief under § 2255, claiming he received ineffective assistance of counsel because his trial attorney failed to file a timely appeal pursuant to his request.

The district court held an evidentiary hearing on Yodprasit's petition on December 15, 2000.  Yodprasit's trial attorney testified that he and Yodprasit discussed the possibility of an appeal early in the trial.  The attorney also testified that after Yodprasit was sentenced, he advised Yodprasit to submit to a "clear out" interview with the government with the hope of obtaining a Rule 35 sentence reduction for providing substantial assistance.  At this time the attorney also advised Yodprasit that he should not appeal because any appeal would be unsuccessful and would diminish the possibility of receiving a Rule 35 sentence reduction.  The attorney testified that Yodprasit agreed with his proposal to "pursue the Rule 35 route as opposed to filing an appeal."  Section 2255 Hearing Transcript at 5.

---

[2]Yodprasit also contends that the district court erred when it held that he was not deprived of effective assistance of counsel despite his attorney's failure to object to the drug quantities attributed to him at trial.  No certificate of appealability was granted on this issue, and we decline to issue one now.  Accordingly, we need not address this argument further.  See Fields v. United States, 201 F.3d 1025, 1026 n. 2 (8th Cir. 2000) (holding that issues beyond scope of certificate of appealability are not properly before court).

Yodprasit's attorney went on to testify that he wrote to Yodprasit on April 22, 1999, to review Yodprasit's right to appeal and communicate his belief that there were no legal grounds to appeal the conviction or sentence. In the letter, the attorney also stated as follows: "Nevertheless it is your right [to appeal] and it has not been waived. If you do wish to pursue an appeal, please contact me at your earliest convenience." Appellant's Appendix at 121. According to the attorney, Yodprasit never contacted him to request that he file a direct appeal.

On April 23, 1999, Yodprasit submitted to a "clear out" interview with an Assistant United States Attorney. Yodprasit's attorney testified that he believed that Yodprasit's participation in the "clear out" interview meant that Yodprasit did not want to file an appeal. After the interview, Yodprasit's attorney wrote to the Assistant United States Attorney to request that Yodprasit's sentence be reduced in return for his cooperation; however, the Government never filed a Rule 35 motion.

Yodprasit, in contrast, testified that he couldn't read the letter his attorney sent him on April 22, 1999, although he admitted that at that time he intentionally gave people the impression that he could read and write. According to Yodprasit, he told his attorney he wanted to file an appeal, and assumed that his attorney would do so. Yodprasit also testified that he did not realize that an appeal had not been filed until after the deadline for filing an appeal had passed.

The district court ultimately denied Yodprasit's request for relief. The court found that Yodprasit failed to show that he instructed his attorney to file an appeal after his sentence was entered. The court determined that Yodprasit's contention that he requested an appeal was not credible because it conflicted with his testimony that he "understood" an appeal would automatically be taken. The court also determined that Yodprasit's contention was further weakened by a July 9, 1999 letter to his attorney, in which Yodprasit requested documents for use in support of his § 2255

petition but failed to mention a direct appeal in any way. Ultimately, the court determined that Yodprasit's testimony at the hearing was not as credible as his attorney's.

## II. DISCUSSION

"An ineffective assistance of counsel claim presents a mixed question of law and fact." Barger v. United States, 204 F.3d 1180, 1181 (8th Cir. 2000). "The ineffective assistance of counsel claim is reviewed de novo, while the district court's factual findings are reviewed for clear error." Id. (citation omitted). A district court's credibility determinations are entitled to deference. Id.

A "counsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for the purpose of section 2255." Estes v. United States, 883 F.2d 645, 648 (8th Cir. 1989) (citations omitted). A showing of actual prejudice is not necessary. Barger, 204 F.3d at 1182 (citing Holloway v. United States, 960 F.2d 1348, 1356-57 (8th Cir. 1992)). Nevertheless, for a petitioner to succeed, he must show that he made his desire to appeal evident to his attorney. See Barger, 204 F.3d at 1182. "A bare assertion by the petitioner that [he] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." Id. (citation omitted).

In the present case, Yodprasit and his attorney have proffered conflicting testimony. Yodprasit claims he expressed his desire to appeal, while his attorney claims that Yodprasit decided to forgo an appeal to pursue the possibility of a Rule 35 sentence reduction. Yet, the district court determined that Yodprasit's attorney's testimony was more credible. This determination is supported by several facts. First, Yodprasit participated in the "clear out" interview pursuant to the advice of his attorney. Although cooperating and pursuing an appeal are not mutually exclusive

-4-

strategies, it is unlikely that Yodprasit would appeal while submitting to a "clear out" interview because evidence garnered during the interview could be used in the event Yodprasit was granted a new trial. Further, Yodprasit wrote to his attorney and requested documents to support his § 2255 petition without mentioning his attorney's failure to file a direct appeal. Finally, Yodprasit never responded to his attorney's April 22, 1999 letter, which expressly stated that no appeal would be pursued without a request from Yodprasit.

In contrast, Yodprasit offers no evidence to support his claim other than his self-serving testimony. There is simply no evidence to suggest that the district court clearly erred when it determined that Yodprasit failed to ask his attorney to file an appeal after being consulted about that possibility.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.