# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3801

_____

United States of America,

        Respondent - Appellee,

v.

Kenneth Lloyd Robinson,

        Petitioner - Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the District
\* of Minnesota.
\*
\* [UNPUBLISHED]
\*
\*

_____

Submitted: March 17, 2006
Filed: March 22, 2006

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Kenneth Lloyd Robinson brought this petition under 28 U.S.C. § 2255 claiming that he received ineffective assistance of counsel because his attorney did not file a direct appeal of his conviction. The district court[1] found that he did not instruct his attorney to appeal his sentence and dismissed the petition. Robinson appeals, and we affirm.

_____

[1] The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

Robinson pled guilty to conspiracy to distribute marijuana under a plea agreement indicating that the government would seek a two level role enhancement which he could contest. After the presentence investigation report recommended a four level role enhancement, the government moved for an evidentiary hearing to present evidence supporting the two level enhancement contemplated in the plea agreement. Prior to the hearing, Robinson agreed to the two level enhancement in exchange for the government's promise to recommend a sentence at the low end of the guideline range. By this stipulation Robinson avoided the possibility that the district court might apply a four level enhancement after hearing the government's evidence. The district court adopted the parties' joint recommendation and sentenced Robinson to 78 months, the low point of the guideline range.

Robinson filed this § 2255 petition eleven months after he was sentenced, claiming that his attorney had been ineffective because he had not talked to him about filing an appeal. The government responded with an affidavit from the attorney stating that he had consulted with Robinson regarding an appeal, that he had told Robinson about the ten day deadline for filing an appeal, and that Robinson had not expressed an intention to appeal. Robinson replied with an affidavit contradicting his own petition by stating that he had talked to his attorney about an appeal and had "demanded" his lawyer appeal his sentence before the ten day deadline expired. Whenever the written record is "inconclusive" on whether a defendant told his attorney to file an appeal, an evidentiary hearing should be held. Holloway v. United States, 960 F.2d 1348, 1357 (8th Cir. 1992); see also, Gomez-Diaz v. United States, 433 F.3d 788 (11th Cir. 2005) (evidentiary hearing necessary where petition stated that defendant requested an appeal but attorney responded by telling him to file § 2255 motion).

In this case the district court decided that the conflicting affidavits required an evidentiary hearing in order to resolve the issue of whether Robinson had in fact instructed his attorney to file an appeal. A hearing was therefore convened, and

Robinson testified at it. According to Robinson, he told his lawyer that he "would like [him] to appeal this sentence" right after the sentencing hearing but his attorney counseled that there was no basis for an appeal because he "could not have gotten anything better than this." Robinson admitted that he remained silent after hearing his lawyer's advice, and he does not contend that he said anything further to the lawyer about an appeal. He nevertheless argues that his lawyer should have filed an appeal after their conversation and that the district court erred by dismissing his § 2255 petition.

We review the district court's legal conclusions in a § 2255 proceeding de novo and its factual findings for clear error. Barger v. United States, 204 F.3d 1180, 1181 (8th Cir. 2000). The failure of an attorney to file an appeal "after being instructed to do so . . . constitutes ineffective assistance" even without a showing of prejudice or likely success on appeal as required for other § 2255 petitions. Barger, 204 F.3d at 1181. Here, Robinson remained silent after being told that he had already received the best possible outcome. He did not disagree with his lawyer's advice during that conversation, nor did he attempt to discuss the possibility of filing an appeal with his lawyer at some other time before the ten day deadline expired. Robinson relies on United States v. Eli, 227 F.Supp. 2d 90 (D.D.C. 2002), where a district court held that the defendant's silence could be construed as a request for an appeal, but each case turns on its own facts. Robinson expressed a desire to appeal, his attorney told him that he had already received the best possible outcome and that there was no basis for an appeal, and Robinson said nothing then or thereafter to disagree or indicate he wanted to file an appeal. In these circumstances we conclude that the district court did not err by dismissing his petition or by finding that Robinson had not communicated a request to appeal.

Accordingly we affirm the judgment of the district court.

_____