# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-1185

———————

| | | |
|---|---|---|
| Ashly Lynn Nupdal, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota. |
| United States of America, | * | |
| | * | |
| Appellee. | * | |

———————

Submitted: December 12, 2012
Filed:  February 2, 2012

———————

Before LOKEN, MURPHY, and SHEPHERD, Circuit Judges.

———————

SHEPHERD, Circuit Judge.

Ashly Lynn Nupdal was sentenced to 120 months imprisonment for conspiracy to possess with intent to distribute and distribution of controlled substances under 21 U.S.C. § 846.  Nupdal filed a motion to vacate her sentence under 28 U.S.C. § 2255 alleging her attorney was ineffective in failing to follow her instructions to file an appeal on her behalf.  The district court[1] denied her motion to vacate.  We affirm.

———————————————

[1]The Honorable Ralph R. Erickson, Chief Judge, United States District Judge for the District of North Dakota.

I.

A grand jury indicted Nupdal on three drug-related charges. In exchange for the Government's dismissal of two of the counts, Nupdal pled guilty to one count of intent to distribute and distribution of controlled substances in violation of 21 U.S.C. § 846. Nupdal's plea agreement contained an appeal waiver that stated she was aware of her right to appeal but waived that right as part of her plea agreement. Nupdal's appeal waiver expressly reserved the right to appeal her sentence for ineffective assistance of counsel. Nupdal was sentenced to 120 months, the mandatory minimum for the charge, which was also within her guideline sentencing range, based on her category II criminal history. Nupdal appeared in person at her sentencing hearing. At the hearing, the judge instructed Nupdal that she had a right to appeal and that her appeal must be filed within ten days of the entry of judgment.

After the hearing, Nupdal did not appeal, but filed a motion to vacate her sentence roughly 11 months after the entry of judgment against her. Nupdal based her motion to vacate on her claim that her counsel failed to file an appeal on her behalf, and she attached an affidavit stating that she had, in fact, instructed her counsel to do so. The district court held a hearing on Nupdal's motion to vacate and denied the motion finding that Nupdal had not instructed her attorney to appeal. On appeal, Nupdal claims that the district court clearly erred in finding that she did not direct her attorney to file an appeal on her behalf. In the alternative, Nupdal argues she was denied a proper evidentiary hearing on the issue of whether she directed her attorney to file an appeal.

"'When addressing post-conviction ineffective assistance claims brought under § 2255, we review the ineffective assistance issue de novo and the underlying findings of fact for clear error.'" Bass v. United States, 655 F.3d 758, 760 (8th Cir. 2011) (quoting United States v. Regenos, 405 F.3d 691, 692-93 (8th Cir. 2005)). Generally, to be successful on an ineffective assistance claim, a defendant must

"show both deficient performance by counsel and prejudice to the defense caused by that performance." Barger v. United States, 204 F.3d 1180, 1182 (8th Cir. 2000); see also Strickland v. Washington, 466 U.S. 668, 688, 691-92 (1984). However, "an attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary." Barger, 204 F.3d at 1181-82. To be entitled to relief, Nupdal must have made "manifest" her desire to appeal by expressly instructing her attorney to appeal. Id. at 1182.

Though Nupdal's affidavit stated that she directed her counsel to appeal, she repeatedly admitted during her testimony at the hearing on her motion to vacate that she had not in fact instructed her attorney to appeal, and her parents testified that although they met with Nupdal's attorney following the sentencing hearing, they also did not instruct the attorney to appeal. "A bare assertion by the petitioner that she made a request is not by itself sufficient to support a grant of relief . . . ." Id. The judge at a hearing on a motion to vacate is entitled to determine what version of facts presented is most credible. See Rodriguez v. United States, 964 F.2d 840, 842 (8th Cir. 1992) (per curiam). Nupdal's affidavit not withstanding, the district court credited Nupdal's hearing testimony and the testimony of her parents that her attorney was not instructed to appeal. We hold that the district court did not clearly err in making this finding.

In addition to alleging ineffective assistance of counsel, Nupdal claims that she was effectively denied an evidentiary hearing on the issue. Specifically, Nupdal argues the hearing was deficient because her attorney did not testify and she was unable to cross-examine him. We reject this contention. First, Nupdal could have subpoenaed her attorney to ensure that he testified at the hearing. Fed. R. Crim. P. 17. More importantly, we fail to see how Nupdal was prejudiced by the absence of her attorney's testimony at the hearing on her section 2255 motion when the testimony of Nupdal and her parents conclusively established that she had no support

for her claim that she had instructed her attorney to appeal. Accordingly, we conclude that Nupdal was not denied an adequate evidentiary hearing.

## II.

For the foregoing reasons, we affirm the district court's denial of Nupdal's motion to vacate.

_____