# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 12-1671

———————————————

Sokiry Kim Ieng

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

——————————

Submitted: September 21, 2012
Filed: September 26, 2012
[Unpublished]

——————————

LOKEN, BOWMAN, and COLLOTON, Circuit Judges.

——————————

PER CURIAM.

After Sokiry Ieng pleaded guilty to conspiracy to distribute methamphetamine, the District Court[1] sentenced him to 240 months in prison and four years of supervised

———————————————————————

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

release; he did not appeal. Ieng later filed a 28 U.S.C. § 2255 motion claiming that his counsel provided ineffective assistance by failing to file a direct appeal. Following an evidentiary hearing, the District Court denied relief. Crediting plea counsel's testimony that he had convinced Ieng that the only realistic means of reducing his sentence was through a motion under Federal Rule of Criminal Procedure 35, the court found that Ieng voluntarily and intentionally chose not to appeal. The court thus concluded that Ieng's counsel was not ineffective but granted Ieng a certificate of appealability on the issue.

Upon careful review, we affirm the judgment of the District Court. See Covey v. United States, 377 F.3d 903, 906 (8th Cir. 2004) ("We review the ineffective assistance issue de novo, but findings of underlying predicate facts are reviewed for clear error."); see also Yodprasit v. United States, 294 F.3d 966, 969 (8th Cir. 2002) (explaining that a district court need not believe a prisoner's bare assertion that he asked counsel to file an appeal if it finds that evidence to the contrary is more credible); Barger v. United States, 204 F.3d 1180, 1181 (8th Cir. 2000) (noting that an appellate court "accord[s] deference to the district court's credibility determinations" when reviewing a claim that counsel failed to file an appeal). We also grant counsel's motion to withdraw.

_____