# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2262
_____

Brandi Jo Kennebeck

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: January 14, 2013
Filed: January 25, 2013
[Unpublished]

_____

Before BYE, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Brandi Kennebeck appeals from the district court's[1] denial of her 28 U.S.C. § 2255 petition to set aside her conviction and sentence. We affirm.

_____

[1]The Honorable Donald O'Brien, United States District Judge for the Northern District of Iowa.

# I

On June 3, 2010, Kennebeck pleaded guilty to one count of conspiracy to manufacture methamphetamine and one count of manufacturing methamphetamine, pursuant to a plea agreement. The agreement also included a waiver of Kennebeck's right to appeal her conviction directly or under § 2255, unless she claimed ineffective assistance of counsel or her sentence (1) was contrary to the plea agreement, (2) exceeded the maximum statutory penalty, or (3) was unconstitutionally defective. The district court calculated Kennebeck's guideline range as 120 to 121 months, with a statutory minimum of 120 months. Due to Kennebeck's substantial assistance, the government moved for a below-guidelines sentence, which the court granted. Accordingly, Kennebeck received a forty-percent reduction in sentence, amounting to a total of seventy-two months' imprisonment. She did not appeal her sentence.

Kennebeck did, however, file a § 2255 motion through appointed counsel, requesting the district court vacate, set aside, or correct her sentence. Kennebeck's motion set forth five allegations of error, under the headings of prosecutorial misconduct and ineffective assistance of counsel. At issue in this appeal is Kennebeck's allegation that her trial attorney, Rees Douglas, was ineffective for failing to file a direct appeal on her behalf after she asked him to do so. Following an evidentiary hearing, the district court denied Kennebeck's motion. With respect to the relevant claim of ineffective assistance, the court found Kennebeck had offered "no evidence indicating she did, in fact, request [Douglas] file a notice of appeal." Kennebeck v. United States, No. 11-CV-4063-DEO, 2012 WL 1565117, at *6 (N.D. Iowa May 2, 2012). Kennebeck appeals, arguing the lower court clearly erred in so finding.

II

"We review de novo the district court's denial of a section 2255 motion." Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005). "Failure to file an appeal at a client's request is ineffective assistance of counsel for the purposes of § 2255." United States v. Luke, 686 F.3d 600, 606 (8th Cir. 2012). Whether a petitioner requested an appeal is a question of fact, which we review for clear error. Id. "A bare assertion by the petitioner that [s]he made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." Yodprasit v. United States, 294 F.3d 966, 969 (8th Cir. 2002) (citation omitted).

III

At the evidentiary hearing, Kennebeck testified that she called Douglas after her sentencing hearing to express a desire to appeal her case, eliciting an explanation by Douglas that filing an appeal on terms other than ineffectiveness of counsel would violate the terms of her plea agreement. Kennebeck could not recall when this conversation took place. In contrast, Douglas testified he did not remember her making such a request. He noted, however, that if she had, he would have advised Kennebeck against filing an appeal in light of the plea agreement. Douglas also provided twenty documents for the district court's review, detailing his communications with Kennebeck. None evidenced a request for an appeal by Kennebeck.[2]

---

[2]By joint stipulation, the parties have added a twenty-first letter to the record, which Douglas inadvertently omitted from the record below. In it, Douglas notifies Kennebeck that he has "not (yet?) heard anything about the government appealing the case" and invites her to contact him with any questions she may have regarding the court's judgment in her case. Contrary to Kennebeck's assertion, this letter—like the other twenty letters—contains no indication that Kennebeck expressed a desire to appeal her case.

Under the circumstances, the district court did not clearly err in finding Kennebeck had not met her burden to "present some credible, non-conclusory evidence" of a request for an appeal. See Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003). Other than "she said, he said" testimony offering conflicting accounts of the parties' exchange, Kennebeck offers no evidence to support her position. And assuming arguendo that Kennebeck raised the issue of an appeal with Douglas, she does not claim to have expressed a desire to pursue this avenue of relief following his admonition that filing an appeal would violate the terms of her plea agreement. Accordingly, the district court did not clearly err in finding Douglas was not ineffective for failing to file an appeal on Kennebeck's behalf.

The judgment of the district court is affirmed.

_____