# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1437

_____

Zack Zafer Dyab

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 23, 2013
Filed: December 5, 2013
[Unpublished]

_____

Before RILEY, Chief Judge, COLLOTON and KELLY, Circuit Judges.

_____

PER CURIAM.

In an earlier federal criminal prosecution, Zack Dyab pled guilty (1) to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371, and (2) to aiding and abetting another to engage in a monetary transaction in criminally deprived

property, in violation of 18 U.S.C. §§ 2, 1957. The district court[1] sentenced Dyab to concurrent 60-month and 120-month terms of imprisonment and three years of supervised release. Dyab never appealed.

One month later, Dyab failed to self-surrender for his sentence which eventually led to his arrest and subsequent indictment. Upon pleading guilty to the charge of failing to appear, Dyab received an additional 12 months imprisonment.

Almost a year after his initial sentencing, Dyab filed a motion under 28 U.S.C. § 2255, alleging his counsel provided ineffective assistance by failing to file a notice of appeal. The district court granted Dyab an evidentiary hearing where Dyab testified that within days after his sentencing hearing, he instructed his attorney to file a notice of appeal. Dyab's counsel, corroborated by his legal assistant who witnessed the exchange, contradicted Dyab's account, testifying Dyab had "specifically instructed [his counsel] not to" file a notice of appeal. Crediting the testimonies of Dyab's counsel and counsel's assistant, and noting Dyab's failure to self-surrender was inconsistent with an intent to appeal, the district court found Dyab did not instruct his counsel to file a notice of appeal. The district court denied Dyab's § 2255 motion, but granted him a certificate of appealability on the issue.

Entitlement to § 2255 relief based upon counsel's failure to file a notice of appeal requires that Dyab show he "made 'manifest' [his] desire to appeal by expressly instructing [his] attorney to appeal." Nupdal v. United States, 666 F.3d 1074, 1076 (8th Cir. 2012) (quoting Barger v. United States, 204 F.3d 1180, 1182 (8th Cir. 2000)). "A bare assertion by the petitioner that [he] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." Barger, 204 F.3d at 1182. After

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

a careful review of the record and, particularly, "accord[ing] deference to the district court's credibility determinations," we conclude the district court did not clearly err in finding Dyab failed to instruct his counsel to file a notice of appeal.  Id. at 1181 (reviewing factual findings for clear error).

Upon de novo review, see Nupdal, 666 F.3d at 1075, and finding no error, we affirm.

_____