# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1030

_____

Kevin Walking Eagle

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: November 21, 2013
Filed: February 14, 2014

_____

Before RILEY, Chief Judge, BRIGHT and KELLY, Circuit Judges.

_____

BRIGHT, Circuit Judge.

Kevin Walking Eagle appeals the district court's[1] denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, claiming ineffective assistance of counsel on the ground that his counsel failed to file an appeal from his

_____

[1]The Honorable Karen Schreier, then Chief Judge, United States District Court for the District of South Dakota.

conviction. The district court denied relief after giving Walking Eagle a full evidentiary hearing. We affirm.

## I. Background

Walking Eagle, a Native American residing on the Pine Ridge Indian Reservation, pled guilty to engaging in a Continuing Criminal Enterprise in violation of 21 U.S.C. § 848(a) and (c) for his involvement in a drug operation on the Pine Ridge Indian Reservation in South Dakota. Although the plea agreement included a general waiver of appeal, Walking Eagle retained the right to appeal jurisdictional issues.

The district court in March of 2010 sentenced Walking Eagle to the mandatory minimum of 20 years in prison as well as a five-year period of supervised release. At the sentencing hearing, the district court judge informed Walking Eagle of his right to appeal certain issues under the plea agreement, and that he had 14 days to file a qualifying appeal. The judge also instructed Walking Eagle to contact the clerk's office within 14 days if he wanted to appeal but his attorney could not assist him. Walking Eagle's counsel did not file an appeal and Walking Eagle did not contact the clerk's office.

In a timely motion filed almost a year after his sentence, Walking Eagle sought to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. As grounds for vacating his sentence, Walking Eagle asserted, among other things, that his counsel at the time of sentencing rendered ineffective assistance by failing to file an appeal after he instructed her to do so. Specifically, Walking Eagle claims he instructed his counsel to appeal his conviction on the ground that the Government lacked jurisdiction to prosecute him under the 1868 Treaty of Fort Laramie. The magistrate judge recommended that an evidentiary hearing be held with respect to the ineffective-assistance-of-counsel claim, and the district court agreed.

At the evidentiary hearing, Walking Eagle gave conflicting testimony with that of his trial counsel. Walking Eagle testified that on the day he was sentenced, he told counsel, "I want to appeal. Is there anything to appeal?" According to Walking Eagle, counsel replied, "No—there was nothing to appeal." Walking Eagle testified that two or three days later, he met with counsel who informed him that the Eighth Circuit has rejected the jurisdictional argument pertaining to the 1868 Treaty of Fort Laramie. He alleged that counsel failed to explain the pros and cons of filing an appeal, but he also conceded that "[s]he did not explain nothing, because I left." Walking Eagle recalled that four days after his sentencing, he called counsel and left a voicemail again raising the issue of appeal. Walking Eagle admitted that he did not request an appeal in the letters he sent to counsel after sentencing.

In contrast, counsel testified that during her meeting with Walking Eagle in prison, he instructed her not to file an appeal. While counsel admitted that she "may have said something" about the Eighth Circuit rejecting the treaty issue, she testified that the discussion "was not a lengthy conversation at all" and that Walking Eagle did not make "a big deal about it." Counsel stated that Walking Eagle's principal concern after sentencing was not filing an appeal, but getting permission to have contact with his family. She insisted that her practice is to inform clients of the chances of winning an appeal without persuading them to appeal one way or the other.

The magistrate judge recommended dismissal of Walking Eagle's ineffective-assistance-of-counsel claim. Crediting counsel's testimony over Walking Eagle's, the magistrate judge found that "the evidence does not support [Walking Eagle's] allegation that he asked [counsel] to appeal." The magistrate judge also concluded that counsel fulfilled her constitutional duty to consult with Walking Eagle by discussing with him both before and after sentencing the prospect of an appeal.

The district court adopted the magistrate judge's findings and dismissed Walking Eagle's claim. This appeal followed. We have jurisdiction under 28 U.S.C. § 1291.

## II. Discussion

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Walking Eagle may not raise a constitutional issue in the first instance on collateral review "without establishing both cause for the procedural default and actual prejudice resulting from the error." *Id.* (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)). "Absent unusual circumstances, a showing of ineffective assistance of counsel satisfies both cause and prejudice." *Id.*

An ineffective-assistance-of-counsel claim raises mixed questions of law and fact. *Covey v. United States*, 377 F.3d 903, 906 (8th Cir. 2004). We review ineffective-assistance-of-counsel claims de novo, *id.*, and any underlying findings of fact for clear error. *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005). "We accord deference to the district court's credibility determinations." *Barger v. United States*, 204 F.3d 1180, 1181 (8th Cir. 2000).

Normally, in order to succeed on a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was "deficient" and that the "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, "an attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary." *Barger*, 204 F.3d at 1182; *see also Roe v. Flores-Ortega*, 528 U.S. 470,

478 (2000). For such a claim to succeed, the defendant must show that he manifestly "instructed [his] counsel to file an appeal." *Barger*, 204 F.3d at 1182. "A bare assertion by the petitioner that [he] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Id.*; *see Rodriguez v. United States*, 964 F.2d 840, 842 (8th Cir. 1992) (per curiam).

The magistrate judge credited counsel's testimony and found that Walking Eagle did not instruct counsel to appeal. The magistrate judge also found Walking Eagle not credible, emphasizing that his failure to contact the clerk's office or request an appeal in letters to counsel undermines his version of the events. The district court adopted these findings.

On appeal, Walking Eagle argues that his testimony should be credited because he specifically recalls stating, "I want to appeal," whereas counsel does not recall whether the statement was made. But the record indicates otherwise. In fact, counsel insisted that Walking Eagle did *not* request an appeal during any of their post-sentencing communication and that if he had made such a request, she "would have filed an appeal." Furthermore, credibility determinations are for the trier-of-fact, *see Barger*, 204 F.3d at 1182, and we have no basis to conclude that the magistrate judge's findings as to credibility are clearly erroneous. We conclude that the district court did not err in dismissing Walking Eagle's ineffective-assistance-of-counsel claim on the ground that he did not instruct his counsel to appeal.

Walking Eagle further argues that his counsel was ineffective by failing to consult with him about the possibility of an appeal. "To satisfy the duty to consult, counsel must advise a defendant of the advantages and disadvantages of appealing and make a reasonable effort to determine his wishes." *Keys v. United States*, 545 F.3d 644, 647 (8th Cir. 2008) (citing *Flores-Ortega*, 528 U.S. at 478).

At the evidentiary hearing, counsel testified that prior to sentencing, she discussed with Walking Eagle his right to appeal under the plea agreement, answered his questions with regard to those rights, and explained his chances of a successful appeal. As the district court observed, Walking Eagle does not dispute this testimony. Furthermore, counsel testified that after sentencing, she revisited the topic of appeal with Walking Eagle and again discussed his chances of successfully appealing the treaty issue.

Based on this testimony, the magistrate judge concluded that counsel fulfilled her duty to consult by discussing the possibility of an appeal with Walking Eagle before and after sentencing. The district court adopted that conclusion, finding "that [counsel] made objectively reasonable choices in discussing with Walking Eagle the ramifications of an appeal prior to the sentencing hearing and in making herself available after the sentencing hearing to answer any of Walking Eagle's questions regarding the conditions of his judgment and the possibility of appeal."

In light of the district court's credibility findings and the record before us, we conclude that the district court's finding that counsel "made objectively reasonable choices" in discussing an appeal with Walking Eagle is not clearly erroneous. Accordingly, we affirm the district court's conclusion that counsel fulfilled her constitutional duty to consult with Walking Eagle.

We make one final note. This dispute underscores the importance of attorneys documenting conversations they have with their clients about the possibility of appeal. We venture to guess that in many circumstances, memorializing such conversations in writing may serve to prevent disputes such as the one before us.

## III.  Conclusion

For the foregoing reasons, we affirm.[2]

RILEY, Chief Judge, concurring in all of the opinion except for footnote 2 on page 7.

_____

[2]In affirming the denial of postconviction relief to Walking Eagle, we nevertheless observe that Walking Eagle's 20-year mandatory minimum sentence is another example of a harsh sentence that is required for a non-violent crime in what now seems generally recognized as this country's continuing but unsuccessful War on Drugs.  On August 12, 2013, in a speech before the American Bar Association, United States Attorney General Eric Holder emphasized the need to "fundamentally rethink[] the notion of mandatory minimum sentences for drug-related crimes," as these sentences "oftentimes generate unfairly long sentences" and, as a result, "breed disrespect for the system."  Eric Holder, Attorney General of the United States, United States Department of Justice, Remarks at the Annual Meeting of the American Bar Association's House of Delegates (Aug. 12, 2013), *available at* http://www.justice.gov/iso/opa/ag/speeches/2013/ag-speech-130812.html.