BRIGHT, Circuit Judge,
concurring.
I concur with the majority’s result, but write separately to express my view that Hunter’s sentence, including his mandatory life sentence, is “out of this world.” This case is yet “another example of a harsh sentence that is required for a nonviolent crime in what now seems generally recognized as this country’s continuing but *747 unsuccessful War on Drugs.” Walking Eagle v. United States, 742 F.3d 1079, 1083 n. 2 (8th Cir.2014).
Hunter’s mandatory life sentence stems from his convictions on two counts of aiding and abetting the use and carrying of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). The second count related to Hunter arranging a transaction in which his girlfriend sold a detectable amount of heroin and a firearm to an undercover law enforcement agent. Because the firearm sold was considered a “machinegun,” Hunter will spend the rest of his living days behind bars. See 18 U.S.C. § 924(c)(l)(C)(ii).
Today, I join in the litany of criticisms directed towards Congress’s overly harsh mandatory minimum sentences set forth in 18 U.S.C. § 924(c). See, e.g., United States v. Smith, 756 F.3d 1179, 1194 (10th Cir.2014) (Lucero, J., concurring in part, dissenting in part) (acknowledging “the problems with § 924(c)”); United States v. Hebert, 131 F.3d 514, 526 (5th Cir.1997) (DeMoss, J., dissenting in part) (describing § 924(c) sentences as having “draconian impacts”); United States v. Angelos, 345 F.Supp.2d 1227, 1263 (D.Utah 2004) (describing a sentence mandated under § 924(c) as “unjust, cruel, and irrational”). “By mandating such high minimum sentences in 18 U.S.C. § 924(c)(1), Congress has removed the carefully circumscribed discretion granted to district courts in ... consider[ing] possible mitigating circumstances” when fashioning a sentence. United States v. Harris, 154 F.3d 1082, 1085 (9th Cir.1998). Stripping judicial discretion in favor of harsh mandatory sentences often results in penalties that are not commensurate with the crime.
Such is the case with Hunter. Through section 924(c), Congress has mandated that Hunter spend the rest of his life in prison for arranging the sale of drugs and a gun on two occasions, despite no evidence that he ever used the guns in a violent manner. His criminal conduct is no doubt serious, but it falls well short of being “ ‘so atrocious that society’s interest in deterrence and retribution wholly outweighs any considerations of reform or rehabilitation' of the perpetrator.’ ” Harmelin v. Michigan, 501 U.S. 957, 1028, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Stevens, J., dissenting) (quoting Furman v. Georgia, 408 U.S. 238, 307, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) (Stewart, J., concurring)). In addition, Hunter is young, only 43 years-old, and his criminal history does not depict a man bent on violence. I firmly reject the notion that Hunter is unredeemable. The sentence here is ridiculous in its harshness.
Furthermore, Hunter’s life sentence comes at a significant cost. Overly harsh mandatory minimum sentences “ruin lives of prisoners and often their family members.” United States v. Hiveley, 61 F.3d 1358, 1363 (8th Cir.1995) (Bright, J., concurring). They strip families of parents, causing children significant emotional and psychological pain. See Patricia Allard, When the Cost is Too Great: The Emotional and Psychological Impact on Children of Incarcerating Their Parents for Drug Offenses, 50 Fam. Ct. Rev. 48, 51-52 (2012). Indeed, mandatory minimum sentences for drug-related crimes “have had a destabilizing effect on particular communities, largely poor and of color.” Eric Holder, Attorney General of the United States, United States Department of Justice, Remarks at the Annual Meeting of the American Bar Association’s House of Delegates (Aug. 12, 2013), available at http://www.justice.gov/iso/opa/ag/speeches/ 2013/ag-speech-130812.html.
The economic costs are also extreme. In 2010 alone, taxpayers spent an astonish *748 ing $80 billion on corrections. Melissa S. Kearney et al., The Hamilton Project: Ten Economic Facts About Crime and Incarceration in the United States 13 (May 2014), available at http://www.hamilton project.org/files/downloads_and_links/v8_ THP_10CrimeFacts. pdf. Taking into account Hunter’s average life expectancy, taxpayers will spend over $850,000 incarcerating him for the rest of his life. See Annual Determination of Average Cost of Incarceration, 78 Fed.Reg. 16711-02 (Mar. 18, 2013) (stating that the annual cost of incarceration of a federal inmate in 2011 was $28,893); Sherry L. Murphy et al., National Center for Health Statistics, National Vital Statistics Reports, Vol. 61, No. 4, at 30, available at http://www.cdc.gov/ nehs/data/nvsr/nvsr61/nvsr61_04.pdf (stating that a man of Hunter’s age and race is expected to live another 30 years). As I’ve said, “[t]he public needs to know that unnecessary, harsh and unreasonable drug sentences serve to waste billions of dollars without doing much good for society.” Hiveley, 61 F.3d at 1365 (Bright, J., concurring).
We have entered a new era in sentencing. As our Attorney General has acknowledged, “too many Americans go to too many prisons for far too long, and for no truly good law enforcement reason.” Eric Holder, Attorney General of the United States, United States Department of Justice, Remarks at the Annual Meeting of the American Bar Association’s House of Delegates (Aug. 12, 2013), available at http://www.justiee.gov/iso/opa/ag/speeches/ 2013/ag-speeeh-130812.html. Some initial steps are being taken to rectify our excessively harsh drug sentencing regime, as evidenced by reformed federal policies on charging of criminal conduct requiring mandatory minimum sentences and the United States Sentencing .Commission’s recent decision to permit retroactive reduction of sentences for certain eligible offenders convicted of drug crimes. See Memorandum from Attorney General Eric Holder, Jr., on Charging Mandatory Minimum Sentences and Recidivist Enhancements in Certain Drug Cases (Aug. 12, 2013), available at http://www.justice.gov/ sites/default/files/oip/legacy/2014/07/23/ agmemodepartment-policypon-chargingmandatory-minimum-sentences-reci divistenhancements-in-certain-drugcases. pdf; Press Release, U.S. Sentencing Commission, U.S. Sentencing Commission Unanimously Votes to Allow Delayed Retroactive Reduction in Drug Trafficking Sentences (July 18, 2014), available at http://www.ussc.gov/sites/default/files/pdP news/press-releases-and-newsadvisories/ press-releases/20140718press_release.pdf. But Hunter’s sentence indicates that there is much more work to be done. We must do better. I say in this concurring opinion, as I have said in other sentencing opinions that I have written, “Is anyone out there listening?” United States v. Alatorre, 207 F.3d 1078, 1080 (8th Cir. 2000) (Bright, J., concurring).