# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3372

_____

United States of America

*Plaintiff - Appellee*

v.

Michael Jones

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 13, 2019
Filed: September 18, 2019
[Unpublished]

_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Michael Jones appeals the district court's[1] order denying his 28 U.S.C. § 2255 motion after an evidentiary hearing. The district court granted Jones a certificate of

_____

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

appealability on his claim that his plea counsel was ineffective for failing to file a direct appeal. Following careful review, *see Covey v. United States*, 377 F.3d 903, 906 (8th Cir. 2004) (reviewing de novo denial of ineffective-assistance claim but reviewing for clear error any findings of underlying facts), we affirm the denial of relief on this issue. The evidence established that Jones became upset when his attorney, upon visiting Jones after sentencing to discuss whether he wished to appeal, advised Jones there were no viable issues for appeal. Jones then left his attorney without instructing him to file an appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000) (holding that counsel who consulted with defendant performs in professionally unreasonable manner only by failing to follow defendant's express instructions with respect to an appeal); *Barger v. United States*, 204 F.3d 1180, 1181-82 (8th Cir. 2000) (noting that, for § 2255 movant to succeed on claim that counsel was ineffective for failing to file appeal, desire to appeal must be manifest).

Jones also seeks to expand the certificate of appealability to include a claim that his counsel was ineffective at sentencing for failing to argue that Jones's prior Missouri and Arkansas drug convictions did not qualify as career-offender predicates. In the absence of authority that would cause a reasonable jurist to conclude that the district court's ruling on this claim was debatable or wrong, we decline to grant the request. *See Winfield v. Roper*, 460 F.3d 1026, 1040 (8th Cir. 2006).

The district court's judgment is affirmed.

_____