# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3423
_____

Larenzo Burnett,

*Petitioner - Appellant*,

v.

United States of America,

*Respondent - Appellee.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: September 25, 2024
Filed: January 15, 2025

_____

Before COLLOTON, Chief Judge, LOKEN and SHEPHERD, Circuit Judges.

_____

COLLOTON, Chief Judge.

Larenzo Burnett pleaded guilty to possession of a firearm by a prohibited person. The district court[1] accepted a sentencing agreement between the parties and imposed a term of 99 months and 14 days in prison. Burnett later filed a motion to

---

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

vacate his sentence under 28 U.S.C. § 2255, alleging that he received ineffective assistance of counsel because his attorney failed to file a notice of appeal. The district court denied the motion, and we affirm.

I.

In December 2021, Burnett pleaded guilty to possession of a firearm by a prohibited person. *See* 18 U.S.C. § 922(g)(1), (g)(3). During the presentence investigation, a dispute arose about whether Burnett's prior conviction under Iowa Code § 708.6(2) constituted a conviction for a "crime of violence" that warranted a six-level increase in the base offense level under USSG § 2K2.1(a)(4)(A).[2] The probation office recommended that the increase applied; Burnett objected. Before the district court ruled on the matter, however, the parties reached a sentencing agreement under which Burnett withdrew his objection and stipulated that the prior conviction was for a crime of violence. Burnett was represented by an experienced assistant federal public defender.

The district court determined an advisory guideline sentence of 120 months' imprisonment, the statutory maximum punishment. *See* 18 U.S.C. § 924(a)(2) (2020) (amended 2022); USSG § 5G1.1(a). After applying credit for time served, the court imposed a sentence of 99 months and 14 days' imprisonment. The sentencing hearing occurred on September 8, 2022.

---

[2]Iowa Code § 708.6(2) provides as follows:

A person commits a class "D" felony when the person shoots, throws, launches, or discharges a dangerous weapon at, into, or in a building, vehicle, airplane, railroad engine, railroad car, or boat, occupied by another person, or within an assembly of people, and thereby places the occupants or people in reasonable apprehension of serious injury or threatens to commit such an act under circumstances raising a reasonable expectation that the threat will be carried out.

The next day, September 9, this court decided *United States v. Frazier*, 48 F.4th 884 (8th Cir. 2022), which held that a violation of Iowa Code § 708.6(2) is not categorically a crime of violence under the sentencing guidelines. *Id.* at 887. Burnett eventually filed a notice of appeal on December 30, 2022, in an effort to rely on *Frazier*, but this court dismissed the appeal as untimely.

Burnett then moved to vacate his sentence under 28 U.S.C. § 2255. Burnett argued that his sentence was imposed in violation of his right to effective assistance of counsel under the Sixth Amendment because his attorney allegedly ignored Burnett's requests to file a timely notice of appeal.

After an evidentiary hearing, the district court found that Burnett had not asked his attorney to file a notice of appeal within the 14-day period allowed by rule. The court thus denied the motion to vacate Burnett's sentence.

II.

To establish ineffective assistance of counsel, a prisoner must show that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's failure to file an appeal after a client's explicit request constitutes deficient performance, and no further showing of prejudice or likely success on appeal is required. *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000).

At the evidentiary hearing, Burnett's defense counsel testified that Burnett never asked him to file a notice of appeal. Counsel said that he probably spoke with Burnett in the two weeks following the sentencing hearing, but he could not recall the content of any conversation. Counsel explained that filing a notice of appeal would have been an easy task, and he would have done so immediately upon Burnett's request. Counsel had no notes or e-mails suggesting that Burnett had asked him to

file an appeal. He testified that "it would absolutely shock me if he had told me to appeal and I decided just to disregard his constitutional right to appeal."

On the day after sentencing, counsel sent a letter to Burnett explaining his right to appeal and setting forth counsel's view that Burnett had no good faith basis to appeal. Counsel's letter advised Burnett that the sentencing agreement had waived Burnett's objection to the base offense level so he had no grounds to appeal. The letter asked that Burnett make any request to file an appeal in writing, but counsel testified that he nonetheless would have responded to a request that came by telephone or any other method. Counsel said that he saw this court's opinion in *Frazier* on approximately September 12, and thought about the terrible timing for Burnett, but did not discuss the decision with his client until after Burnett filed the *pro se* notice of appeal on December 30.

Burnett gave testimony that was diametrically opposed to counsel's version. Burnett testified that he told counsel four or five times to file an appeal. Burnett said that he and counsel followed the *Frazier* case closely ahead of Burnett's sentencing hearing. According to Burnett, as they left the hearing, Burnett told counsel that he wanted to appeal, and counsel told Burnett to call him. Burnett testified that he called counsel the next day and asked if there was any news about *Frazier* because Burnett wanted to appeal his sentence. Counsel told Burnett that nothing had happened with *Frazier*, but counsel allegedly said that he would file an appeal.

Burnett testified that he called counsel again on September 13. During this call, counsel allegedly said that he had filed a notice of appeal and told Burnett that *Frazier* had not been decided. Later that week, Burnett received counsel's letter and called him again. Burnett testified that he was confused by the letter because he had already asked counsel to file an appeal. According to Burnett, he again said that he wanted to appeal, and counsel told Burnett that there was no reason to appeal because the ruling in *Frazier* probably would not benefit Burnett. Burnett claimed that he did

-4-

not learn about the *Frazier* decision until November or December 2022. Burnett testified that he called counsel around this time, and counsel said that he thought he did appeal Burnett's sentence.

The district court credited defense counsel's testimony over Burnett's. The court relied on Burnett's demeanor, inconsistencies in Burnett's testimony, and Burnett's lack of corroborating evidence to support his version of events. The court found it particularly unlikely that Burnett had followed the *Frazier* case until the day he was sentenced but then did not find out about the decision until months after the case was decided. The court found that counsel was an honest and responsible attorney who gave consistent and reliable testimony. The district court could not believe that counsel would forget to file an appeal or refuse to acknowledge a mistake if he made one.

On appeal, Burnett challenges the district court's credibility determination. We review the finding for clear error. *Barger*, 204 F.3d at 1181. A finding is clearly erroneous when the evidence as a whole produces "a definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985). "A district court's assessment of a witness's credibility is almost never clear error given that court's comparative advantage at evaluating credibility." *United States v. Killingsworth*, 413 F.3d 760, 763 (8th Cir. 2005). Indeed, we have said that credibility findings "are well-nigh unreviewable, so long as the findings are not internally inconsistent or based on testimony that is incoherent, implausible, or contradicted by objective evidence in the case." *United States v. Jones*, 254 F.3d 692, 695 (8th Cir. 2001).

The district court did not clearly err in finding that defense counsel was credible and that Burnett did not ask counsel to file a notice of appeal. The court observed counsel's testimony and reasonably assessed that he was telling the truth and was unlikely to be mistaken. Burnett's testimony included inconsistencies and

-5-

unlikely claims that cast doubt on the veracity of his version. Burnett asserted that counsel had agreed to file an appeal but said that counsel later advised him that there was no reason to appeal when Burnett raised the possibility. Burnett testified that counsel twice told him that *Frazier* had not been decided after this court already had filed the decision. The court reasonably found it doubtful that Burnett had followed *Frazier* closely before his sentencing on September 8 but then did not learn of the decision until November or December 2022.

It is well settled that "[a] bare assertion by the petitioner that [he] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Barger*, 204 F.3d at 1182. The district court here was presented with direct testimony by defense counsel that Burnett did not ask counsel to file a notice of appeal. The court gave sound reasons for crediting counsel's explanation, and our standard of review is highly deferential. The record does not establish a clear error that justifies reversing the district court's finding.

The judgment of the district court is affirmed.

_____