# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-2590

———————

Randy Anderson,                       *
                                        *

         Appellant,            *

                                          *   Appeal from the United States

     v.                            *   District Court for the

                                          *   District of Minnesota.

United States of America,    *
                                          *

         Appellee.              *

———————

Submitted: October 18, 2004
Filed: January 4, 2005

———————

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and RILEY, Circuit Judges.

———————

BOWMAN, Circuit Judge.

Randy Anderson appeals the District Court's[1] denial of his post-conviction motion claiming that he received ineffective assistance of counsel while his case was on direct appeal. See 28 U.S.C. § 2255 (2000). Anderson asserts that his appellate counsel should have challenged the validity of Anderson's guilty plea on the ground that Anderson was misinformed about the statutory mandatory minimum and maximum sentences applicable to his crime. Under the reasoning of Apprendi v. New Jersey, 530 U.S. 466 (2000), which the United States Supreme Court issued while

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

Anderson's case was on direct appeal, the actual sentencing range applicable to Anderson's crime was lower than what Anderson understood it to be at the time of his guilty plea. Because we find that appellate counsel's failure to challenge the validity of Anderson's plea on Apprendi grounds did not render appellate counsel's performance constitutionally deficient, we affirm.

On March 3, 1999, Anderson and several co-defendants were indicted for violating federal laws governing the possession and distribution of narcotics. Shortly thereafter, Anderson pleaded guilty to conspiring to distribute a detectable amount of crack cocaine in violation of 21 U.S.C. §§ 841 and 846. At the plea colloquy mandated by Rule 11 of the Federal Rules of Criminal Procedure, Anderson was informed, and confirmed that he understood, that his guilty plea subjected him to a mandatory minimum sentence of twenty years' imprisonment and a maximum sentence of life imprisonment. This sentence range was predicated on the minimum and maximum sentences set forth in 21 U.S.C. § 841(b)(1)(A), including the enhancement for a prior felony drug conviction. The District Court ultimately sentenced Anderson to thirty years' imprisonment and ten years of supervised release.

On direct appeal to this Court, Anderson challenged his sentence on multiple grounds. Anderson also challenged the validity of his guilty plea in his initial brief, but withdrew the challenge in his reply brief. This Court agreed with several of Anderson's contentions regarding his sentence, but found that the errors committed by the District Court were harmless. United States v. Anderson, 243 F.3d 478, 484–86 (8th Cir.), cert. denied, 534 U.S. 903 & 929 (2001). We thus affirmed Anderson's thirty-year sentence. Id. at 486. After the Supreme Court denied Anderson's petition for certiorari, Anderson filed his present motion seeking relief under 28 U.S.C. § 2255.

Anderson argues that his counsel on direct appeal was ineffective because he failed to challenge the validity of Anderson's guilty plea on the ground that Anderson

could not have voluntarily and knowingly entered the plea, as required by Rule 11, in light of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). Apprendi, which was issued between the time that Anderson filed his initial brief on direct appeal and reply brief on direct appeal, had a profound effect on how drug offenses were charged and proved. Prior to Apprendi and, indeed, when Anderson entered his plea, it was a common and accepted practice to apply the drug quantity provisions of 21 U.S.C. § 841(b)(1) as part of the sentencing process and not as part of the charging process. Thus, in Anderson's case, the indictment simply charged Anderson with violating § 841—it did not specify the sub-section of § 841 under which Anderson was being charged or state the quantity of cocaine alleged to be involved in Anderson's offense. At Anderson's plea hearing, however, the District Court, the government, and the defense all assumed that Anderson would be sentenced under the sentencing range provided in § 841(b)(1)(A), i.e., twenty years' imprisonment to life imprisonment. Anderson was thus informed that, should he proceed to trial and be found guilty, he faced a sentence of twenty years' imprisonment to life imprisonment. It was with this information before him that Anderson pleaded guilty.

It is clear, after Apprendi, that the information given to Anderson about his potential minimum and maximum sentences was erroneous. In Apprendi, the Supreme Court ruled that when the government wishes to seek penalties in excess of those applicable by the elements of an offense alone, the government must charge the facts supporting the increased penalties in the indictment and prove the facts beyond a reasonable doubt. See United States v. Aguayo-Delgado, 220 F.3d 926, 933 (8th Cir.) (citing Apprendi, 530 U.S. 466 (2000)), cert. denied, 531 U.S. 1026 (2000). Applied specifically to narcotics offenses, Apprendi mandates that when the indictment does not reference drug quantity, the defendant may not be sentenced outside the statutory range authorized by 21 U.S.C. § 841(b)(1)(C), i.e., zero to thirty years' imprisonment (where there is a prior felony drug offense). See Dukes v. United States, 255 F.3d 912, 913 (8th Cir. 2001), cert. denied, 534 U.S. 1150 (2002);

<u>Aguayo-Delgado</u>, 220 F.3d at 933-34.  Thus, Anderson actually faced a potential sentence of zero to thirty years' imprisonment, not twenty years' imprisonment to life imprisonment as he had been advised at the plea colloquy.[2]

In Anderson's reply brief on direct appeal, Anderson's counsel addressed the effect of <u>Apprendi</u> on Anderson's sentence but not on the validity of Anderson's guilty plea.[3]  Reply Brief of Appellant at 5, 6, <u>United States v. Anderson</u>, 243 F.3d 478 (8th Cir. 2001) (No. 00-1529).  Appellate counsel's failure to argue that Anderson's plea violated Rule 11 because Anderson was misinformed, in light of <u>Apprendi</u>, about the potential sentence range for his crime forms the basis of Anderson's ineffective assistance of counsel motion.  The District Court denied Anderson's motion, finding that even if Anderson's appellate counsel was ineffective, Anderson was not prejudiced by counsel's performance.  Anderson appealed.

In reviewing the District Court's denial of Anderson's § 2255 motion, we "review the ineffective assistance issue de novo, but findings of underlying predicate facts are reviewed for clear error."  <u>Covey v. United States</u>, 377 F.3d 903, 906 (8th Cir. 2004) (citing <u>Laws v. Armontrout</u>, 863 F.2d 1377, 1381 (8th Cir. 1988) (en banc), <u>cert. denied</u>, 490 U.S. 1040 (1989)).  As discussed below, we affirm the

---

[2]Because Anderson's case was pending on direct appeal when <u>Apprendi</u> was issued, <u>Apprendi</u> retroactively applied to Anderson's sentence and guilty plea.  <u>See</u> <u>United States v. Anderson</u>, 236 F.3d 427, 429 (8th Cir.), <u>cert. denied</u>, 534 U.S. 956 (2001).

[3]The reply brief did recognize that, under <u>Apprendi</u>, the correct statutory sentencing range to which Anderson was exposed was zero to thirty years' imprisonment and that such range should apply upon remand.  Reply Brief of Appellant at 5, 6, <u>United States v. Anderson</u>, 243 F.3d 478 (8th Cir. 2001) (No. 00-1529).  The brief conceded, however, that since Anderson was sentenced to precisely thirty years' imprisonment, "the district court avoided a violation of the rule announced in <u>Apprendi</u>."  <u>Id.</u> at 5; <u>see also</u> <u>Aguayo-Delgado</u>, 220 F.3d at 934.

denial of Anderson's § 2255 motion, albeit for different reasons than those articulated by the District Court. See United States v. Santos-Garcia, 313 F.3d 1073, 1079 (8th Cir. 2002) (noting that this Court may affirm a district court's judgment on any basis supported by the record).

"A criminal defendant is constitutionally entitled to the effective assistance of counsel on direct appeal, as well as at trial." Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir.) (citing Evitts v. Lucey, 469 U.S. 387, 396 (1985)), cert. denied, 124 S. Ct. 970 (2003). To establish a claim of ineffective assistance of counsel, a movant must meet both parts of the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, the movant must show that his counsel's performance was deficient. Strickland, 466 U.S. at 687. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment [to the United States Constitution]." Id. In considering whether this showing is met, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. Moreover, we evaluate counsel's performance at the time of his representation. Id. We do not "second-guess strategic decisions or exploit the benefits of hindsight." Henderson v. Norris, 118 F.3d 1283, 1287 (8th Cir. 1997), cert. denied, 522 U.S. 1129 (1998). Second, the movant must show that he was prejudiced by counsel's deficient performance. Strickland, 466 U.S. at 687. This requires the movant to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The District Court concluded that Anderson did not establish the second part of the Strickland test requiring a showing of prejudice. According to the District Court, Anderson failed to show "that the sentencing misinformation in the plea agreement had any bearing on Petitioner's acceptance of the agreement." Anderson

v. United States, No. Civ. 02-3655, 2003 WL 21135556, at *7 (D. Minn. May 15, 2003). Because the District Court found the second essential part of the Strickland test not satisfied, it did not address the first part of the test. While we do not necessarily disagree with the District Court's analysis under the second part of the test, we choose to approach the matter in the opposite order. We conclude that part one of the Strickland test is not met, and therefore do not reach an analysis under part two.

Under the facts alleged by Anderson, we cannot conclude that his counsel's performance on direct appeal was constitutionally deficient. Specifically, we cannot say that counsel's failure to assert the argument that Apprendi invalidated Anderson's previous guilty plea was so egregious as to have deprived Anderson of his Sixth Amendment right to counsel. While the argument, in hindsight, may have had merit, it was a wholly novel claim at the time. Apprendi had not been decided when Anderson's opening appellate brief was filed and, although Apprendi was issued shortly before Anderson's reply brief was due, no published opinion in our Circuit (nor any other circuit) addressed Apprendi's effect on previously entered guilty pleas. Counsel's failure to raise this novel argument does not render his performance constitutionally ineffective. While the Constitution guarantees criminal defendants a competent attorney, it "does not insure that defense counsel will recognize and raise every conceivable constitutional claim." Engle v. Isaac, 456 U.S. 107, 134 (1982).

Moreover, even if Anderson's counsel had conceived of the argument that Apprendi invalidated Anderson's plea but made the strategic decision not to assert the claim, such decision would not render counsel's performance ineffective. "The question here is not whether counsel's choice to omit [an argument] on appeal was an intelligent or effective decision, 'but rather whether his decision was an unreasonable one which only an incompetent attorney would adopt.'" Garrett v. United States, 78 F.3d 1296, 1305 (8th Cir.) (quoting Stokes v. Armontrout, 851 F.2d 1085, 1092 (8th Cir. 1988), cert. denied, 488 U.S. 1019 (1989)), cert. denied, 519 U.S. 956 (1996).

Counsel is not required to raise every potential issue on appeal. Indeed, the Supreme Court has recognized the "importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes, 463 U.S. 745, 751-52 (1983). "Absent contrary evidence," we thus assume that appellate counsel's failure to assert an issue was an exercise of "sound appellate strategy." Sidebottom v. Delo, 46 F.3d 744, 759 (8th Cir.), cert. denied, 516 U.S. 849 (1995).

In deciding whether to raise the issue of Apprendi's effect on the voluntariness of Anderson's plea, Anderson's appellate counsel would have had before him recent authority from this Circuit indicating that the argument might be weak. In Aguayo-Delgado, issued only weeks prior to the filing of Anderson's reply brief, we held that the rule of Apprendi is not violated when a defendant's sentence is "within the range allowed by statute for the offense simpliciter." 220 F.3d at 933. Anderson's sentence did not exceed the statutory maximum set forth in 21 U.S.C. § 841(b)(1)(C), the offense simpliciter, and thus did not violate Apprendi. Although we do not now decide whether or not Aguayo-Delgado has any applicability in the Rule 11 context, we note that it would not have been unreasonable for Anderson's counsel to have read Aguayo-Delgado as barring an Apprendi-based challenge to the validity of Anderson's guilty plea.

We reiterate that there is a wide range of reasonable professional assistance and a strong presumption that counsel's conduct fell within that wide range. As we observed in Garrett:

"Certainly previously appointed counsel might have chosen to press this issue on appeal, and such choice would have been reasonable. It does not follow that the opposite choice—to drop the issue—was unreasonable. Law is an art, not a science, and many questions that attorneys must decide are questions of judgment and degree. Among the most difficult are decisions as to what issues to press on appeal. . . . It

-7-

is possible to criticize his choice in hindsight. Perhaps a choice to press the issue would have been better. But we are dealing, after all, with fallible human beings, and a demand for perfection . . . cannot be met."

78 F.3d at 1306 (omissions in original) (quoting Simmons v. Lockhart, 915 F.2d 372, 375 (8th Cir. 1990)).

Given the deference afforded attorney performance and the standard to which we hold Anderson's appellate counsel, we cannot say that Anderson's representation fell below an objective standard of reasonableness. Accordingly, the District Court's denial of Anderson's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is affirmed.

_____