# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-3104

———————

Toby Bolzer,                               *
                                    *

             Appellant,                 *
                                    *    Appeal from the United States

       v.                             *    District Court for the
                                    *    District of South Dakota.

United States of America,        *
                                    *          [UNPUBLISHED]

             Appellee.                  *

———————

Submitted: March 13, 2006
Filed: June 14, 2006

———————

Before ARNOLD, JOHN R. GIBSON, and SMITH, Circuit Judges.

———————

PER CURIAM.

A jury convicted Toby Bolzer of second degree murder, *see* 18 U.S.C. §§ 1111, 1153, and the use of a firearm during the commission of a crime of violence, *see* 18 U.S.C. § 924(c)(1)(A)(iii). After unsuccessfully appealing his conviction, *see United States v. Bolzer*, 367 F.3d 1032 (8th Cir. 2004), Mr. Bolzer filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, which the district court[1] denied. The district court granted Mr. Bolzer a certificate of appealability with

———————

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

respect to whether he received "ineffective assistance of counsel as to the failure of the indictment to give [him] notice of the charges." We take this to mean that Mr. Bolzer may appeal the ineffective-assistance claims that he raised in the district court.

Mr. Bolzer lived with Holly Quinn and Santana Standing Bear. Ms. Quinn and Ms. Standing Bear were involved in a romantic relationship, and Ms. Quinn rebuffed Mr. Bolzer's advances. Mr. Bolzer then became abusive and hostile toward Ms. Standing Bear. Ms. Standing Bear, who had psychological difficulties, locked herself in a bedroom with a handgun and threatened to kill herself; when she did not come out, Mr. Bolzer shot mace under the door, entered the room, grabbed the gun and shot Ms. Standing Bear. He was indicted for second-degree murder and a related firearms charge.

Although Mr. Bolzer includes in his brief some new grounds for claiming ineffective assistance of counsel, we confine our attention to the claims that he effectively raised below: that his lawyer was ineffective because he did not object to the murder charge in the indictment as unconstitutionally confusing and because he did not act to dispel any confusion of the jury about the murder charge.

We review a district court's denial of ineffective-assistance claims *de novo*, but review the underlying predicate facts for clear error. *Anderson v. United States*, 393 F.3d 749, 753 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 221 (2005). To prevail on his ineffective-assistance-of-counsel claims, Mr. Bolzer must show that his attorney did not provide him with professionally competent assistance and that had his attorney done so, there is a reasonable probability that the trial would have had a different result. *Strickland v. Washington*, 466 U.S. 668, 687-89 (1984).

The indictment in this case specifically stated that it was charging Mr. Bolzer with second-degree murder. The indictment further recited that "Bolzer, an Indian,

did unlawfully and with malice aforethought, kill Santana Standing Bear, by shooting her with a firearm in violation of 18 U.S.C. §§ 1111 and 1153." Section 1111 defines murder as "the unlawful killing of a human being with malice aforethought." It defines some murders, including "willful, deliberate, malicious, and premeditated" killings, as first-degree murder; all other murders are classified as second-degree murder. 18 U.S.C. § 1111(a).

Mr. Bolzer asserts that his attorney failed him by not objecting to the indictment as unconstitutionally confusing because the murder charge included the term "malice aforethought." We have previously held, however, that an indictment that alleged that the defendant unlawfully took a human life "with malice aforethought" made out a sufficient charge of second-degree murder under § 1111. *United States v. Lame*, 716 F.2d 515, 517-18 (8th Cir. 1983). Therefore, counsel's failure to object to the indictment could not have fallen below an objective standard of reasonableness.

Mr. Bolzer also contends that this his attorney failed to dispel any confusion on the part of the jury as to the nature of the murder charge. The jury instructions provided at his trial, however, clearly and correctly defined the elements of second-degree murder. A failure to object to such instructions thus could not have constituted ineffective assistance of counsel.

We affirm the district court's judgment.

_____