# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1980

_____

James Clifford Slick Basham

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: November 19, 2015
Filed: January 25, 2016

_____

Before SMITH, BYE, and BENTON, Circuit Judges.

_____

BYE, Circuit Judge.

James Clifford Slick Basham pleaded guilty to possession with intent to distribute a controlled substance. Basham filed a petition for relief from his conviction and sentence under 28 U.S.C. § 2255 alleging counsel was ineffective in

failing to move to suppress the search of his cell phone data incident to arrest. The district court[1] denied the petition. We affirm.

I

After police conducted a controlled sale of methamphetamine to Basham, Basham was arrested and the data of at least one of two cell phones he had in his possession was searched incident to arrest. Information gathered by the police from this initial data search of the cell phone was included in the search warrant affidavit. A magistrate issued a search warrant which allowed, in part, officers to search the data of Basham's two cell phones. Thereafter, Basham was indicted in the District of South Dakota, and Basham pleaded guilty to possession with intent to distribute a controlled substance pursuant to a plea agreement. Basham did not file a direct appeal.

Basham filed a timely pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, and the district court appointed counsel. Without conducting an evidentiary hearing, the district court denied Basham's petition. The district court granted a certificate of appealability on the sole issue of whether Basham's trial counsel was ineffective in failing to move to suppress the search of the cell phone data incident to arrest and without a search warrant.

II

On appeal, Basham argues trial counsel was ineffective in failing to file a motion to suppress because the search incident to arrest of Basham's cell phone data would now be an unlawful search under new Supreme Court precedent, and such a

---

[1]The Honorable Karen Schreier, United States District Judge for the District of South Dakota.

holding was clearly portended at the time Basham's trial counsel failed to file the motion to suppress.

The Eighth Circuit reviews a district court's denial of a § 2255 petition de novo. Ortiz v. United States, 664 F.3d 1151, 1164 (8th Cir. 2011).

The Sixth Amendment to the United States Constitution guarantees the right to effective assistance of counsel in criminal prosecutions. U.S. Const. amend. VI; see also Powell v. Alabama, 287 U.S. 45 (1932); Johnson v. Zerbst, 304 U.S. 458 (1938); Gideon v. Wainwright, 372 U.S. 335 (1963). A defendant who claims to have been deprived of effective assistance of counsel must show: (1) that his lawyer's representation fell below an objective standard of reasonableness; and (2) that the lawyer's deficient performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984); Nupdal v. United States, 666 F.3d 1074, 1075 (8th Cir. 2012) (citing Barger v. United States, 204 F.3d 1180, 1182 (8th Cir. 2000)).

At oral argument, the government invited us to decide this case on "the threshold question" of whether Basham was prejudiced by the search of his cell phone data. Although we may begin our analysis with the second Strickland prong, Williams v. Roper, 695 F.3d 825, 830 (8th Cir. 2012), we decline to do so in this case. The government posits several reasons why Basham should lose on the prejudice prong, and one deserves comment. The government argues Basham received a beneficial plea agreement and sentence, and, therefore, would not benefit by winning in the present appeal. The threat of a longer prison sentence is not a reason to deny § 2255 relief when a petitioner is seeking vacation of an allegedly unconstitutional conviction, and we are troubled by this suggestion. See Watson v. United States, 682 F.3d 740, 745 (8th Cir. 2012) (holding, in the context of a Strickland challenge after a guilty plea, our prejudice inquiry is supposed to focus on whether the defendant can "establish a reasonable probability that he would have exercised his right to a trial but for counsel's ineffectiveness"). To begin, if we ruled for the government on this

ground, § 2255 relief would never be available to a criminal defendant who faced the possibility of a higher sentence during a retrial or resentencing. Correction of unconstitutional convictions and sentences should not be dependent on the sentence received. An individual contemplating whether to seek § 2255 relief is capable of weighing his or her interest in vacating an unconstitutional conviction or sentence with the possibility of receiving harsher punishment after a new trial and/or sentencing hearing. Accordingly, we decline to resolve this matter on the prejudice prong of Strickland.

The better course of action is to determine whether Basham's trial counsel performed deficiently by failing to file a motion to suppress. At the time of Basham's arrest, there was no precedent from either the Eighth Circuit or the Supreme Court requiring a search warrant for the search of cell phone data incident to arrest. As a general matter, in a search incident to arrest, police officers are allowed to search not only an arrestee's person for weapons, but also for evidence, and the scope of the search extends to containers found on the person. United States v. Robinson, 414 U.S. 218, 236 (1973) (finding lawful the search of a crumpled cigarette package found on an arrestee's person). Two years after Basham's arrest and conviction, the Supreme Court established that, unless certain exceptions apply, police generally may not conduct a warrantless search of digital information on a cell phone seized from an arrestee's body. Riley v. California, 134 S.Ct. 2473 (2014).

As a general matter, "[c]ounsel's failure to raise [a] novel argument does not render his performance constitutionally ineffective." Anderson v. United States, 393 F.3d 749, 754 (8th Cir. 2005). "While the Constitution guarantees criminal defendants a competent attorney, it 'does not insure that defense counsel will recognize and raise every conceivable constitutional claim.'" Id. (quoting Engle v. Isaac, 456 U.S. 107, 134 (1982)). We have held "failure to raise arguments that require the resolution of unsettled legal questions generally does not render a lawyer's services 'outside the wide range of professionally competent assistance' sufficient to

-4-

satisfy the Sixth Amendment."  New v. United States, 652 F.3d 949, 952 (8th Cir. 2011) (quoting Strickland, 466 U.S. at 690).

Basham argues the holding in Riley was clearly portended at the time of Basham's conviction.  We agree the issue was percolating in the lower courts.  See, e.g., United States v. McGhee, No. 08cr31, 2009 WL 2424104 (D. Neb. July 21, 2009) (suppressing the search of cell phone data incident to arrest).  However, we do not agree the holding in Riley was clearly portended at the time of Basham's conviction.  Only one circuit had confronted the question of whether the search of cell phone data incident to arrest was permissible.  In United States v. Finley, 477 F.3d 250, 259 (5th Cir. 2007), the criminal defendant argued the search of his cell phone data incident to arrest should have been suppressed.  The Fifth Circuit concluded the search was lawful and  reasoned the cell phone data was analogous to the permissible search of containers found on an arrestee's person.  Id. at 260.  Although the Fifth Circuit's position proved wrong, we find it relevant to the extent it was the only circuit decision at the time.

Even in cases where there is a split of authority, the "complete lack of Eighth Circuit or Supreme Court authority on [a] subject" governs whether counsel's performance falls within the wide range of professionally competent assistance. Fields v. United States, 201 F.3d 1025, 1027-28 (8th Cir. 2000).  Although the issue was percolating in lower courts, "[c]ounsel's failure to anticipate a rule of law that has yet to be articulated by the *governing courts* surely cannot render counsel's performance professionally unreasonable."  Id. at 1028 (emphasis added); see also Anderson, 393 F.3d at 754 (finding an issue "wholly novel" when "no published opinion in our Circuit (nor any other circuit) addressed" the issue).

In determining whether counsel performed deficiently, we also find relevant this Court's opinion in United States v. Mendoza, 421 F.3d 663 (8th Cir. 2005).  In Mendoza, officers seized a cell phone from an arrestee and "[a] brief inspection of the

phone showed that the last number received on the phone had originated from" a person of interest. Id. at 666-67. This Court held "the search of [the arrestee's] person and seizure of his cellular phone were valid as a search incident to a lawful arrest." Id. at 667-78. Because the parties did not contest the search of the cell phone data on appeal and because this court approved the data search without discussion, Mendoza would not have been binding in a motion to suppress. However, Mendoza was the only case in this Circuit relevant to cell phone data searches incident to arrest.

Applying the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," Anderson, 393 F.3d at 753 (quoting Strickland, 466 U.S. at 689), we determine Basham's counsel did not act constitutionally deficient in failing to file a motion to suppress.

III

The judgment of the district court is affirmed.

_____