# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 17-2055

———————————————

Carman L. Deck

*Petitioner - Appellee*

v.

Richard Jennings; Eric S. Schmitt

*Respondents - Appellants*

------------------------------

Linda Long Davis; Karen Long; Erica Adkins

*Amici on Behalf of Appellants*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

——————————

Submitted: February 11, 2020
Filed: October 19, 2020

——————————

Before SMITH, Chief Judge, COLLOTON and STRAS, Circuit Judges.

——————————

STRAS, Circuit Judge.

After Carman Deck killed an elderly couple in their home, a Missouri jury convicted him of several offenses, including two counts of first-degree murder. He received the death penalty on both counts, twice successfully appealed, and 10 years after he was first convicted, received the same sentence for a third time. He now claims in a petition for a writ of habeas corpus that counsel at his third penalty-phase trial was ineffective for failing to argue that the passage of time had undermined his mitigation case. Although the district court granted relief, we reverse because Deck has no excuse for his failure to raise this claim in state court.

I.

During a robbery in the summer of 1996, Deck killed James and Zelma Long. Deck waited until after dark, knocked on their door, and asked for directions. After the Longs offered to help and invited him inside, Deck pulled out a .22-caliber pistol and ordered the couple to lie face down on their bed. He told Mrs. Long to retrieve money and valuables from another room. Then, for about 10 minutes, Deck considered his options. Ultimately, he put the gun to Mr. Long's head and fired twice. Mrs. Long suffered the same fate. Neither survived.

A Missouri jury found Deck guilty of two counts of first-degree murder, among other crimes. He received two death sentences, one for each murder, and the Supreme Court of Missouri affirmed. *See State v. Deck*, 994 S.W.2d 527 (Mo. banc 1999). Deck received a new penalty-phase trial, however, after he filed a postconviction petition claiming that counsel had been ineffective by offering "faulty instructions" on mitigation. *Deck v. State*, 68 S.W.3d 418, 429 (Mo. banc 2002).

The second penalty-phase trial started just over a year later, and Deck once again received two death sentences. *See State v. Deck*, 136 S.W.3d 481 (Mo. banc 2004). This time, the Supreme Court of the United States reversed on the ground that the jury should not have seen Deck in shackles. *See Deck v. Missouri*, 544 U.S. 622, 632–35 (2005).

Following a series of continuances, Deck's third penalty-phase trial did not begin until almost three-and-a-half years later—over 10 years since a Missouri jury had found him guilty of murder. Yet again, Deck received two death sentences, one for each murder count. The Supreme Court of Missouri affirmed the sentence, and later, the denial of postconviction relief. *See State v. Deck*, 303 S.W.3d 527 (Mo. banc 2010); *Deck v. State*, 381 S.W.3d 339 (Mo. banc 2012).

Not long after, Deck filed a petition for a writ of habeas corpus in federal district court. *See* 28 U.S.C. § 2254. Of the 32 claims in the petition, the court granted relief on only two, each related to the lengthy delay between Deck's conviction and the third penalty-phase trial.[1] The first was that the delay violated due process and amounted to cruel and unusual punishment. *See* U.S. Const. amends. VIII, XIV. The other was that trial counsel had been ineffective for failing to raise the argument. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). The only remedy for these constitutional violations, at least in the court's view, was to "vacate[]" the "death penalty" and impose a sentence of "life in prison without the possibility of parole."

## II.

Before a federal court can consider a claim that a state prisoner "is in custody in violation of the Constitution," all available state-court remedies must be exhausted. 28 U.S.C. § 2254(a), (b)(1). To avoid "procedural default," in other

---

[1]Deck appears to seek reconsideration of our decision to deny a certificate of appealability on two other claims, labeled as 19 and 20 in his habeas petition. After carefully reviewing the arguments in his brief, we decline to expand the certificate of appealability or otherwise grant relief on these claims. *See Jennings v. Stephens*, 574 U.S. 271, 282–83 (2015) (explaining that "a certificate of appealability" is not required when the petitioner seeks to "defen[d] [the] judgment on alternative grounds"); *see also Dansby v. Hobbs*, 766 F.3d 809, 825 (8th Cir. 2014) (stating that "we reexamine the action of a prior panel" on an application for a certificate of appealability "with caution").

words, a "petitioner must fairly present" the claim in state court before seeking habeas relief in federal court. *Morris v. Norris*, 83 F.3d 268, 270 (8th Cir. 1996).

Here, although Deck advanced a number of arguments in state postconviction proceedings, the two constitutional claims based on the 10-year delay were not among them. The upshot is that, unless Deck can establish "cause for the default and actual prejudice," we cannot consider either one. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).[2] Applying de-novo review, we agree with Missouri that he has not done so. *See Murphy v. King*, 652 F.3d 845, 848 (8th Cir. 2011) (applying de-novo review); *Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005) (requiring the petitioner to establish "cause" and "prejudice").

A.

The district court, however, thought Deck had established both. The "cause" was state postconviction counsel's failure to raise a substantial claim that trial counsel provided ineffective assistance by not objecting to the long delay, which "prejudice[d]" Deck because there was a reasonable probability that the argument would have succeeded had postconviction counsel raised it. *Coleman*, 501 U.S. at 750.

1.

Ineffective assistance of state postconviction counsel does not usually provide cause for a procedural default, *id.* at 755, except for one "narrow exception," *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). In *Martinez*, the Supreme Court held that postconviction counsel's ineffectiveness can provide "cause" for excusing a defaulted ineffective-assistance-of-trial-counsel claim. *See id.* at 14; *see also*

---

[2]Deck does not argue that we should excuse the default because a "failure to consider his claims [would] result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 751; *see also Sweet v. Delo*, 125 F.3d 1144, 1151–52 (8th Cir. 1997).

*Trevino v. Thaler*, 569 U.S. 413, 429 (2013) (explaining that the claim must also be "substantial," and that the state judicial system must not have provided a "meaningful opportunity to raise" it on direct appeal (quotation marks omitted)).

The district court held that Deck's case fell squarely under the *Martinez* exception. In its view, the defaulted claim was substantial, because counsel at Deck's third penalty-phase trial had a difficult time mounting a mitigation case because of the passage of time. Specifically, some of Deck's witnesses from the first two penalty-phase trials were unable or unwilling to provide in-person testimony the third time around. In light of this difficulty, the court believed it was obvious that counsel should have raised Eighth and Fourteenth Amendment objections before the trial began. It was so obvious, in fact, that postconviction counsel was ineffective for failing to recognize it later.

The district court then took the cause analysis one step further. Relying on *Edwards v. Carpenter*, 529 U.S. 446 (2000), it concluded that the newly excused ineffective-assistance-of-trial-counsel claim provided cause for the default of the underlying Eighth and Fourteenth Amendment claims. *See id.* at 453 (leaving open the possibility that a petitioner who can overcome the default of an ineffective-assistance claim can use it to show cause for the default of *another* claim). This *Martinez*-plus-*Edwards* approach allowed the court to grant habeas relief for *both* the ineffective-assistance-of-trial-counsel claim *and* the underlying constitutional claims, even though Deck never raised them in state court.

2.

Every step in this analysis, however, still depends on getting through the *Martinez* gateway first. This means that the key question is whether postconviction counsel was ineffective. If not, there is no excuse for the failure to raise trial counsel's ineffectiveness during state postconviction proceedings. *See Martinez*, 566 U.S. at 14. And if trial counsel's ineffectiveness is defaulted without excuse,

then so are Deck's underlying Eighth and Fourteenth Amendment claims. *See Edwards*, 529 U.S. at 452–53. Without *Martinez*, Deck never gets to *Edwards*.

Focusing on the narrow question of postconviction counsel's performance, as *Martinez* instructs us to do, we must determine whether the ineffective-assistance-of-trial-counsel claim was "substantial enough" that the failure to raise it on postconviction review was itself ineffective. *Dansby*, 766 F.3d at 838. Notwithstanding the district court's contrary conclusion, we do not believe that Deck's claim of ineffective assistance of trial counsel is "substantial enough" to excuse his procedural default.

As we have explained, failing to make an argument that would "require the resolution of unsettled legal questions" is generally not "outside the wide range of professionally competent assistance." *Id.* at 836 (quotation marks omitted); *see Parker v. Bowersox*, 188 F.3d 923, 929 (8th Cir. 1999) (explaining that it is not objectively unreasonable for counsel to "fail[] to anticipate a change in the law"). When postconviction counsel filed Deck's petition in 2010, the law was far from settled that a 10-year delay between conviction and sentencing would give rise to a constitutional claim, much less that trial counsel was ineffective for failing to raise the argument two years earlier.[3] *See New v. United States*, 652 F.3d 949, 953 (8th Cir. 2011) (concluding that the absence of "controlling authority" supporting a legal argument doomed an ineffective-assistance claim).

It is no answer to rely, as the district court did, on *Betterman v. Montana*, 136 S. Ct. 1609 (2016), which was not decided until six years after Deck filed his

---

[3]We further note that it is doubtful that Deck has made a "substantial" claim that he was prejudiced, even if trial counsel's performance had been objectively unreasonable. He suggests that the passage of time deprived him of mitigating evidence, including from certain witnesses who were unavailable to testify at his third trial. Even so, we doubt that there is "a reasonable probability that" the trial court would have done anything different had it faced a timely objection from Deck's trial counsel. *Strickland*, 466 U.S. at 694. After all, much of the missing testimony was cumulative to other evidence or did not add much to Deck's mitigation case.

postconviction petition. We evaluate ineffective assistance of counsel using a freeze frame—when the alleged poor performance occurred, not sometime later when the law finally gets settled. *See Strickland*, 466 U.S. at 689 (holding that we must "evaluate the conduct from counsel's perspective *at the time*" (emphasis added)); *Toledo v. United States*, 581 F.3d 678, 681 (8th Cir. 2009) ("We do not evaluate counsel's performance using the clarity of hindsight, but in light of the facts and circumstances at the time of trial." (internal quotation marks omitted)). Moreover, *Betterman* itself hardly settles the question. It says only that the Due Process Clause *might* provide for "tailored relief" from "exorbitant" sentencing delays, not that it necessarily *does*. 136 S. Ct. at 1612, 1617.

Examining the state of the law in 2010, Deck cannot identify any "controlling authority" from either the Supreme Court of the United States or the Supreme Court of Missouri that had recognized a Due Process claim under these or similar circumstances. *New*, 652 F.3d at 953; *see also Pollard v. United States*, 352 U.S. 354, 361–62 (1957) (assuming without deciding that the Speedy Trial Clause applied to sentencing delays and concluding that a petitioner was not entitled to relief); *State v. Haslip*, 583 S.W.2d 225, 228–29 (Mo. Ct. App. 1979) (explaining that periods of up to 29 months between conviction and sentencing were not "violative" of a defendant's Sixth Amendment rights). The law, in other words, was at best "unsettled" at the time. *New*, 652 F.3d at 952.

It is true that other courts had suggested that a constitutional claim like this one could work. *See, e.g.*, *United States v. Yelverton*, 197 F.3d 531, 536 & n.5 (D.C. Cir. 1999) (collecting cases). But these cases were not controlling; did not reflect a single unified framework; and largely relied on the Sixth Amendment's Speedy Trial Clause, not the Fourteenth Amendment's Due Process Clause. *Compare Betterman*, 136 S. Ct. at 1618 (making clear that "[t]he Sixth Amendment speedy[-]trial right . . . does not extend beyond conviction"), *with United States v. Abou-Kassem*, 78 F.3d 161, 167 (5th Cir. 1996) (applying the *Barker v. Wingo*, 407 U.S. 514 (1972), factors to a speedy-sentencing claim), *and United States v. Sanders*, 452 F.3d 572, 580 (6th Cir. 2006) (adopting a due-process framework). "Given th[e] split of authority"

- 7 -

elsewhere, and the lack of controlling authority here, we cannot say that postconviction counsel's "performance fell [outside] 'the wide range of professionally competent assistance.'" *Fields v. United States*, 201 F.3d 1025, 1027–28 (8th Cir. 2000) (quoting *Strickland*, 466 U.S. at 690).

At the time of Deck's postconviction proceedings in 2010, there was even less reason to believe that an Eighth Amendment claim would succeed. There is no question, as Deck points out, that capital defendants have a constitutional right to present mitigating evidence. *See Eddings v. Oklahoma*, 455 U.S. 104, 110 (1982). But none of the cases establishing this principle involved situations in which a long delay was allegedly responsible for a shortage of mitigating evidence. *See, e.g.*, *Skipper v. South Carolina*, 476 U.S. 1, 3 (1986) (exclusion of evidence by the trial court); *Eddings*, 455 U.S. at 108–09 (refusal of the trial court to consider admitted evidence); *Woodson v. North Carolina*, 428 U.S. 280, 286 (1976) (opinion of Stewart, Powell, and Stevens, JJ.) (exclusion by state statute). So postconviction counsel was faced with the prospect of arguing that trial counsel was ineffective for failing to raise a "novel argument." *Anderson v. United States*, 393 F.3d 749, 754 (8th Cir. 2005). However, "competent" performance does not require counsel to "recognize and raise every conceivable constitutional claim." *Id.* (quotation marks omitted).

Moreover, "[d]eclining to raise a claim . . . is not deficient performance unless that claim was plainly stronger than those actually presented." *Davila v. Davis*, 137 S. Ct. 2058, 2067 (2017). Postconviction counsel raised a number of other claims, including that trial counsel should have presented more mitigating evidence at the third trial. Although none of these claims proved successful, there was a well-established legal basis for them, and counsel could have reasonably concluded that an ineffective-assistance claim focused exclusively on the delay would have only detracted from other, stronger arguments.

\*       \*       \*

In sum, postconviction counsel's performance was reasonable. It follows that the *Martinez* exception—the only conceivable basis for excusing Deck's procedural default—is unavailable to him.

B.

Deck nevertheless insists, in the alternative, that he is entitled to an evidentiary hearing to establish cause for the default. We have, to be sure, remanded to allow a district court to hold an evidentiary hearing to evaluate whether a petitioner has an excuse under *Martinez*. *See, e.g.*, *Sasser v. Hobbs*, 735 F.3d 833, 851, 853–54 (8th Cir. 2013). But we have also been clear that a remand is only available when the ineffective-assistance-of-trial-counsel claim is "substantial or potentially meritorious." *Dansby*, 766 F.3d at 834 (internal quotation marks omitted). And here, for the reasons we have already stated, Deck's claim is not.

III.

We accordingly reverse and remand for the entry of judgment denying Deck's petition in full.

_____