# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2128
_____

Zeno E. Sims

*Plaintiff - Appellant*

v.

Doris Falkenrath

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: April 28, 2025
Filed: May 1, 2025
[Unpublished]
_____

Before GRUENDER, KELLY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Zeno Sims appeals the district court's[1] denial of his 28 U.S.C. § 2254 petition. The district court granted a certificate of appealability as to Sims's claim that his

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

federal rights were violated when a Missouri state sentencing court ordered his state sentence to be served consecutively to his federal sentence, despite the federal sentencing court previously ordering that the federal sentence be served concurrently to the then-pending state sentence. The district court also granted a certificate of appealability as to Sims's related claim that state counsel should have informed the state sentencing court that it was bound by the federal sentence. On appeal, Sims argues that the Missouri state postconviction court unreasonably applied the Supremacy Clause of the United States Constitution and *Setser v. United States*, 566 U.S. 231, 244-45 (2012) (concluding that a district court has the discretion to order a federal sentence to run consecutive to an anticipated state sentence), when it rejected his sentencing claim, and unreasonably applied *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that a defendant establishes ineffective assistance if he shows that counsel performed deficiently and the deficient performance prejudiced the defense), when it rejected his ineffective-assistance claim.

Upon careful review, we conclude that Sims has not shown that the Missouri state postconviction court unreasonably applied federal law. *See* 28 U.S.C. § 2254(d) (mandating that habeas relief shall not be granted with respect to a claim that was adjudicated on the merits in State court proceedings unless, as relevant, the adjudication resulted in a decision that involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States); *see also Ford v. Bowersox*, 256 F.3d 783, 786 (8th Cir. 2001) (holding that a district court's legal conclusions in a habeas proceeding are reviewed de novo). As to his sentencing claim and his broad reliance on the Supremacy Clause, we conclude that he has not provided a Supreme Court case dealing with the application of the Supremacy Clause to these circumstances. *See Owsley v. Bowersox*, 234 F.3d 1055, 1057 (8th Cir. 2000) (finding that a petitioner's claims had to be rejected because he did not provide a Supreme Court opinion justifying his position). Regarding his sentencing claim and his reliance on *Setser*, we determine that the impact of *Setser* on a conflict between a state and federal sentence is at the least the kind of open

question that renders the state court's ruling reasonable. *See Smith v. Titus*, 958 F.3d 687, 692-93 (8th Cir. 2020) (finding that a state court did not unreasonably apply Supreme Court precedent where the relevant issue concerned an "open question"). Finally, as to Sims's ineffective-assistance claim, we conclude that the state court reasonably determined counsel did not perform in a deficient fashion, particularly given the unsettled nature of the law on the underlying issue. *See Deck v. Jennings*, 978 F.3d 578, 583 (8th Cir. 2020) (determining that counsel's failure to raise an argument that would require the resolution of an unsettled legal question is generally not outside the wide range of professionally competent assistance).

Accordingly, we affirm.

_____